UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CARUSO GLYNN, LLC

                Plaintiff,

    -Against-

SAI TRUST and ROBERT MEMBRENO,
Individually and as Trustee for SAI
TRUST,

                Defendants.

Civil Action No.: 7:11-cv-4360 (VB)
ECF CASE

---

## DEFENDANTS MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS AND/OR STAY THIS ACTION

HILL RIVKINS LLP
Attorneys for Defendants
45 Broadway – Suite 1500
New York, New York 10006
212-669-0600(T)
212-669-0698(F)

*Of Counsel:*

John J. Sullivan Esq.
jsullivan@hillrivkins.com

## PRELIMINARY STATEMENT

Defendant SAI TRUST (hereinafter "SAI") submits this memorandum of law in opposition to the Order to Show Cause filed by the plaintiff for a default judgment, and in support of its cross motion to dismiss the complaint for lack of jurisdiction, due to the plaintiff's failure to properly serve the complaint, and for a failure to state a cause of action. Co-defendant, ROBERT MEMBREÑO, the sole trustee of SAI, also joins in the cross motion to dismiss. As set out in detail below, the Order to Show Cause must be denied and the defendants' cross motion granted because the plaintiff has not properly effected service of process on either defendant within 120 days as required by Rule 4(m) of the Federal Rules of Civil Procedure. Any purported service as reflected in the affidavit of service the plaintiff was defective, because the plaintiff did not properly serve SAI's sole trustee, who has resided in Nicaragua since before this action was commenced, including the time in which the plaintiff's process server attempted service in this matter. The complaint must also be dismissed and/or stayed in accordance with a stipulation of settlement in a prior action involving the same transaction and occurrence, wherein the parties agreed to submit the claims asserted herein to arbitration. Finally, the causes of action in the complaint based on a claimed contingency fee agreement must be dismissed because they fail to state a cause of action, in that no valid contingency fee agreement exists in compliance with New York law.

## FACTS

The plaintiff has brought this action *pro se* to recover legal fees in accordance with a contingency fee agreement it claims it had entered into with the defendants. (Complaint ¶ 6). The plaintiff alleges that it was New York legal counsel for the defendants in connection with certain litigation, and seeks the payment of the fees it claims to be owed. (Complaint ¶¶ 6, 8).

1

The complaint at Paragraphs 2-3 alleges that SAI was a "California corporation or other business entity", while the caption of the complaint asserts that Robert Membreño is the trustee for SAI. In actuality, SAI is a trust organized under California law, not a corporation, and Robert Membreño is the sole trustee. (R. Membreño Decl. ¶¶ 3, 6).

The plaintiff has attached as Exhibit B to its Complaint an e-mail from its principal, Lawrence Glynn, Esq., dated October 10, 2009, which it alleges to be the applicable contingency fee agreement with the defendants. Exhibit B states in the penultimate paragraph in pertinent part as follows:

> Also, as the Southern District Court has ruled that Calpine is ultimately responsible for all attorneys' fees, I propose that going forward, I will continue to handle this matter on a contingency fee basis. Accordingly, you will not receive any further invoices in this matter (save for invoices from Nicoletti Horning & Sweeney for the balance owed prior to September 1, 2009) and I will NOT be paid until SAI Trust is paid. The contingency fee will be extremely reasonable 22.5% of the gross recovery (not including past attorneys' fees and accounting fees) plus necessary out of pocket expenses (for copying, printing, etc) Please confirm your agreement to these terms.

The Complaint does not contain any allegation, document or attachment reflecting that the defendants ever actually communicated agreement to the proposal set out in Exhibit B.

The plaintiff's complaint alleges five causes of action. The First, Second, Fourth and Fifth Causes of Action each explicitly invoke the purported contingency fee agreement. The Third Cause of Action seeks recovery in *quantum meruit*.

On September 23, 2011, the plaintiff filed two affidavits of service purporting to reflect service of process upon SAI. (Sullivan Decl. Exh. 5). The first page of the affidavit states that the process server served the summons on September 16, 2011, upon "Mark Membreno", who the process server states is "designated by law to accept service of process on behalf of [] SAI Trust". The second page of the affidavit states at the top that it is purporting to serve "Robert

2

Membreno as trustee of SAI Trust", while the body of the second page states again that the service was upon "Mark Membreno, who is designated by law to accept service of process on behalf of [] SAI Trust". The third page of the document purporting to be the affidavit of service is a Certified Mail receipt addressed to "Robert Membreno c/o SAI Trust", reflecting a mailing on September 6, 2011, from Selden, New York, to Santa Clara, California. No other affidavit of service has been filed with the Court.

As set out in the accompanying Declarations of Marc Membreño and of Robert Membreño, SAI Trust is not a corporation as alleged at paragraphs 2 and 3 of the Complaint, but is a trust constituted under California law. (R, Membreño Decl. ¶¶ 3, 6; M. Membreño Decl. ¶ 2). The sole trustee, and the person authorized to act on behalf of the trust, is Robert Membreño, who currently resides in Nicaragua. (R, Membreño Decl. ¶¶ 2-3; M. Membreño Decl. ¶¶ 2-3). Marc Membreño is the son of Robert Membreño, but has no authority to accept service of process on behalf of SAI. Marc was visited at his place of business by the plaintiff's process server on a number of occasions between July and September of this year and informed the process server that he was not authorized to accept service of process for SAI. (M. Membreño Decl. ¶ 3). The process server nevertheless left an envelope apparently containing copies of the summons and complaint somewhere in Marc Membreño's office. (Id.). Robert Membreño has never been served with any papers in this action. (R, Membreño Decl. ¶ 4).

Even before commencing this action, the plaintiff had filed suit in New York City Civil Court, Queens County, seeking to recover legal fees for the same representation for which it now seeks recovery. As set out in the plaintiff's amended complaint in state court, the plaintiff sought to recover "[t]he amount of $16,384.22 [] due and owing to plaintiff for the provision of legal services with respect to *In re: Calpine*; U.S. Bank. Ct., S.D.N.Y.; Case No.: 05-60200 (BRL)"

3

(Sullivan Decl. Exh.4, ¶ 4),, the same litigation that plaintiff alleges gives rise to its claim for legal fees in this case (Complaint ¶ 8, Exh. A).  In the Civil Court action, the plaintiff sought fees on an hourly basis, rather than the contingency fee it seeks now.  In connection with that action, the plaintiff's principal submitted a sworn affirmation confirming that in December 2009 the defendants had rejected the proposal of a contingency fee agreement, and that he began to bill the defendants on an hourly basis.  (R, Membreño Decl. ¶ 8, Exh. 1, at ¶¶ 7-8).  That action was ultimately dismissed by way of stipulation, wherein the parties agreed to refer the legal fee dispute to arbitration.  (R, Membreño Decl. ¶ 10, Ex. 2).

## ARGUMENT

### POINT I

### THE COURT DOES NOT HAVE JURISDICTION OVER THE DEFENDANTS BECAUSE THEY HAVE NOT BEEN PROPERLY SERVED

This action must be dismissed because the plaintiff has not properly served the summons and complaint upon either defendant.  An action cannot proceed where a plaintiff has not properly served the defendants in accordance with Rule 4 of the Rules of Civil Procedure.  Norfolk Southern Ry Co. v. Transcontainer Transp., Inc., 2001 WL 726942, at *1 (S.D.N.Y. 2001); Astarita v. Urgo Butts & Co., 1997 WL 317028, at *4 (S.D.N.Y. 1997).  When a defendant challenges the plaintiff's purported service of process, the burden of proof to demonstrate valid service rests with the plaintiff.  Mende v. Milestone Technology, Inc., 269 F. Supp. 2d 246, 251 (S.D.N.Y. 2003).  A plaintiff may not rely on conclusory statements that a defendant has been served to overcome a sworn affidavit from the defendant that he has never been served.  Id.; Howard v. Lynveld Peat Marwick Goerdeler, 977 F. Supp. 654, 658 (S.D.N.Y.

1997). The plaintiff cannot meet its burden in this case because even its affidavit of service demonstrates on its face that the plaintiff has not properly served either defendant.

There is no question that the plaintiff has not served Robert Membreño, who has resided in Nicaragua since this action commenced. The only purported affidavit of service that the plaintiff's has submitted on this motion is an affidavit addressed to SAI. (Glynn Moving Aff. Exh. B). Because more than 120 days has passed since the filing of the summons and complaint without service upon Mr. Membreño, the Court is obligated to dismiss the complaint against him. F.R.C.P. 4(m); Howard, 977 F. Supp. at 658.

With regard to SAI, the plaintiff appears to be proceeding on the false assertion that SAI is a corporation, rather than a trust. (See Plaintiff's Moving Memorandum at 2). Despite the fact that, as SAI's former counsel, it should know full well that SAI is not a corporation, the plaintiff nevertheless alleges in its complaint that SAI is a "California corporation or other business entity". (Complaint ¶¶ 2-3). Contrary to the allegations in the body of the complaint, SAI is a California trust, whose sole trustee is Robert Membreño. (R, Membreño Decl. ¶¶ 3, 6). In fact, both the caption of the complaint and exhibits thereto, confirm that SAI is a trust and Robert Membreño is the trustee. (Complaint, Exh. A at 1, Exh. C at 1, 8, Exh. D at 1). Because SAI is not a corporation, a fact of which plaintiff must undoubtedly be aware, the plaintiff may not rely on C.P.L.R. § 311, as it purports to do at page 2 of its moving memorandum. Under New York law, service upon a trust must be made by way of service upon the trustee. Citibank, N.A. v. Kollen, 618 N.Y.S.2d 993, 995-96 (Sup. Ct. 1994). As the plaintiff's affidavit of service does not even allege service upon Robert Membreño, but upon his son Marc, the plaintiff's purported service is defective on its face.

5

To the extent the plaintiff might claim substituted service under either New York or California law, such claims would also fail. Although New York does permit service upon a trust by way of substituted service on the trustee under C.P.L.R. § 308(2), <u>MLG Capital Assets, LLC v. Judith Eidelkind Trust</u>, 725 N.Y.S.2d 664, 666 (App. Div. 2d Dep't 2001), the statute only applies to substituted service made "within the state" of New York, Accordingly, the plaintiff may not rely upon this provision to justify purported service in California. California also permits substituted service, but sets out a specific ordered procedure that must be followed. Where the person to be served is an individual, as is Robert Membreño, the plaintiff must first demonstrate several diligent attempts to effect personal service. Ca. Code Civ. Pro. § 415.20(b). In this case, the purported affidavit of service does not include any reference to prior diligent attempts at service. Second, the summons and complaint must be left with the person apparently in charge of the defendant's usual place of business. <u>Id.</u> In this case, Robert Membreño's usual place of business is no longer in California but in Nicaragua. Finally, the plaintiff must "***thereafter***" mail a copy of the summons and complaint addressed to the person to be served at the same place that the hand copy was left. <u>Id.</u> (emphasis added). In this case, an attachment to the purported affidavit of service filed with the clerk purports to show a mailing of a copy of the summons and complaint on September 6, 2011, ten days ***before*** the purported leaving of the summons and complaint at Marc Membreño's place of business on September 16, 2011. The purported affidivit of service therefore fails to demonstrate actual service upon Robert Membreño, as sole trustee, or the requirements of substituted service under either New York or California law.

Because the plaintiff cannot establish proper service of process on either defendant, and more than 120 days have passed since the filing of the summons and complaint on or about June

27, 2011, the action must be dismissed under Rule 4(m).  In addition, the plaintiff may not obtain a default judgment where it has not obtained personal jurisdiction over the defendants on account of its failure to properly serve the defendants.  <u>Local 78, Asbestos, Lead & Hazardous Waste Laborers, AFL-CIO v. Termon Constr., Inc.</u>, 2003 WL 22052872, at *3-4 (S.D.N.Y. 2003); <u>American Inst. of Cert. Public Accountants v. Affinity Card, Inc.</u>, 8 Supp. 2d 372, 376 (S.D.N.Y. 1998); <u>Triad Energy Corp. v. McNell</u>, 110 F.R.D. 382, 385-86 (S.D.N.Y. 1986).  To the extent there is any discrepancy between the accounts offered by the plaintiff and the defendant over the circumstances of the purported service, the court should credit the version of events offered by the party opposing the default.  <u>Affinity Card, Inc.</u>, 8 F. Supp. 2d at 375-76.  Accordingly, the court must deny the application for a default judgment and dismiss the complaint.

## POINT II

### THE PARTIES AGREED TO SUBMIT THEIR FEE DISPUTE TO ARBITRATION

The plaintiff has filed this action in direct contravention of a stipulation of settlement in a prior action wherein the parties agreed to refer the plaintiff's claim for legal fees to arbitration.  In 2010, the plaintiff originally filed suit against SAI in New York City Civil Court, for Queens County, seeking recovery of its legal fees for the same legal work for which it seeks to recover in this action.[1]  In an affirmation that Lawrence C. Glynn, Esq., plaintiff's principal, submitted to the Queens Civil Court on or about January 10, 2011, he stated under oath that in December 2009 SAI had rejected his October 10, 2009, proposal for a contingency fee arrangement, and that he was instead seeking payment for fees on an hourly basis, totaling $16, 561.84.  (R. Membreño Decl. Exh. 1, at ¶¶ 7-8).  This sworn statement stands in stark contrast to the

---

[1] Compare Paragraph 4 of the plaintiff's Amended Complaint in Queens Civil Court (Sullivan Decl. Exh. 6) to Paragraph 8 and Exhibit A of its complaint in this action.

7

plaintiff's position in the present case, and in fact the positions cannot be reconciled. In the Queens Civil Court action, the defendants in good faith contested the plaintiff's right to recover the amount it was claiming. On April 4, 2011, the parties settled the Queens Civil Court action by agreeing to submit the plaintiff's claims to arbitration. (R. Membreño Decl. ¶ 10, Exh. 2).

An agreement in writing to submit an existing dispute to arbitration is enforceable under either the Federal Arbitration Act or the New York C.P.L.R. 9 U.S.C. § 2; N.Y.C.P.L.R. § 7501. A valid agreement to arbitrate must be enforced under both federal and state law, either by way of a stay order or an order to compel. 9 U.S.C. §§ 3-4; N.Y.C.P.L.R. § 7503(a). Under either statute, the district court has no discretion but must order arbitration where a valid agreement exists. McMahan Securities Co., L.P. v. Forum Capital Markets, L.P., 35 F.3d 82, 85-86 (2d Cir. 1994); Matter of Estate of Cassone, 469 N.E.2d 835, 837-38 (N.Y. 1984) (holding that party opposing application for arbitration must demonstrate a "substantial question" as to existence of valid agreement to arbitrate, in absence of which all other issues were for arbitrators).

The parties in this case entered into a binding written stipulation referring the fee dispute then pending before the Queens Civil Court to arbitration. That stipulation, which was signed by the plaintiff and filed in the clerk's office for the Queens County Civil Court, terminated the action pending the parties' referring the dispute to arbitration in accordance with Part 137 of the Rules of the Chief Administrator of the Courts of the State of New York. The plaintiff failed to pursue this arbitration, but instead filed this action less than three months later in federal court, based on am exponentially increased claim that is at odds with the prior sworn statements of its principal. Accordingly, this action must be either stayed or dismissed in favor of the original action the plaintiff filed in New York State court.

## POINT III

## THE COMPLAINT FAILS TO STATE A CAUSE OF ACTION BASED UPON A VALID CONTINGENCY FEE AGREEMENT

The plaintiff has asserted five causes of action, four of which are based on a purported contingency fee agreement and one for *quantum meruit*. Each of the four causes of action based upon the existence of a contingency fee agreement must be dismissed because the plaintiff's complaint fails to allege that the defendants ever agreed to the plaintiff's proposal for a contingency fee. An attorney cannot unilaterally impose a contingency fee arrangement upon a client, but must obtain the client's consent. Nabi v. Sells, 892 N.Y.S.2d 41, 43-44 (App. Div. 1st Dep't 2009). The plaintiff alleges at Paragraph 9 of its Complaint that Exhibit B to its complaint represents the parties' contingency fee agreement, but even a cursory review of the agreement reveals that it is no more than a proposal by the plaintiff to convert from an hourly billing structure to a contingency fee. The absence of any indication in the complaint that the defendants ever expressed any consent to the plaintiff's proposal precludes a claim for a contingency fee.[2]

Exhibit B to the Complaint in this matter states in pertinent part as follows (emphasis added):

> Also, as the Southern District Court has ruled that Calpine is ultimately responsible for all attorneys' fees, I ***propose*** that going forward, I will continue to handle this matter on a contingency fee basis. Accordingly, you will not receive any further invoices in this matter (save for invoices from Nicoletti Horning & Sweeney for the balance owed prior to September 1, 2009) and I will NOT be paid until SAI Trust is paid. The contingency fee will be extremely reasonable

---

[2] As stated in Point II above, the plaintiff's complaint in this action is directly at odds with the plaintiff's position in the prior action it filed in New York City Civil Court, including sworn statements the plaintiff's principal made to that court. To the extent an adjudication of the ultimate contingency fee issue requires resort to materials outside of the plaintiff's complaint, the defendants reserve the right to address same in a motion for summary judgment, should this complaint not be dismissed under Points I or II.

9

> 22.5% of the gross recovery (not including past attorneys' fees and accounting fees) plus necessary out of pocket expenses (for copying, printing, etc) **_Please confirm your agreement to these terms._**

A search of the complaint fails to reveal indication that, after the plaintiff "propose[d]" a contingency fee agreement, the defendants ever "confirm[ed their] agreement to these terms". Because the complaint does not contain any allegation that the proposal was agreed to by the client, it fails to make out a cause of action for the existence of a contingency fee agreement. In the absence of a valid contingency fee agreement, the attorney's sole remedy is for *quantum meruit*, assuming it can show discharge without cause, and all other causes of action must be dismissed. Fariello v. Checkmate Holdings, LLC, 918 N.Y.S.2d 408, 409 (App. Div. 1st Dep't 2011).

In this case, the plaintiff is obligated to pursue any remaining *quantum meruit* claim by way of arbitration, as set out in Point II above.

## CONCLUSION

For the foregoing reasons, the plaintiff must be dismissed and/or stayed pending arbitration, and any application for a default must be denied.

Respectfully submitted,

Dated: New York, New York
       December 23, 2011

                HILL RIVKINS LLP
                Attorneys for Defendants

        By: _/s/ John J. Sullivan_
                John J. Sullivan
                45 Broadway – Suite 1500
                New York, New York 10006
                212-669-0600