**CARUSO GLYNN, LLC**
Attorney for Plaintiff
36 Peck Slip
New York, New York 10038
(718) 570-3338
Attorney: Lawrence C. Glynn (LG-6431)
CG File No.: 88.071108.01


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
CARUSO GLYNN, LLC,

                    Plaintiff,

-against-

SAI TRUST and ROBERT MEMBRENO,
Individually and as Trustee for SAI TRUST,

                    Defendants.
------------------------------------------------------------x

Case No.: 11 Civ. 4360 (VB)

**AFFIRMATION OF
LAWRENCE C. GLYNN
IN SUPPORT OF MOTION
FOR DEFAULT JUDGMENT**

STATE OF NEW YORK    )
                                ) ss.:
COUNTY OF NEW YORK  )

      LAWRENCE C. GLYNN, an attorney duly admitted to practice law in the State of New York, hereby affirms under the penalty of perjury as follows:

      1.    I am a member of the firm of Caruso Glynn, LLC and am fully familiar with the facts of this matter through my review of the file maintained by this office in this regard.

2. This affirmation is submitted in support of plaintiff's motion pursuant to Fed. R. Civ. P. 55(b)(2) for the entry of a default judgment against defendant SAI TRUST ("SAI" or "Defendant") on the ground that after having been duly served with the Summons and Complaint in this matter, Defendant has failed to plead or otherwise appear in this action.

3. This Court has diversity jurisdiction pursuant to 28 U.S.C. §1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000.00.

4. This is an action to recover plaintiff's reasonable attorney's fees in accordance with a contingency fee agreement between Plaintiff and defendants Robert Membreno, as Trustee of SAI Trust, and SAI Trust.

5. This action is also filed under and pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201.

6. Plaintiff's Complaint, outlining the nature of this claim and grounds for relief, is annexed hereto as Exhibit A.

7. This action was commenced by the filing of a summons and complaint on June 27, 2011. See Exhibit A.

8. Personal service upon defendant SAI TRUST was made on September 16, 2011 by delivering the summons to Marc Membreno, Vice President of SAI Trust in accordance with CPLR §311. A copy of the Affidavit of Service is annexed hereto as Exhibit B.

9. In excess of 21 days have now elapsed and the defendant has failed to answer or otherwise move in this action. A copy of the Clerk's Certificate of Default has been annexed hereto as Exhibit C.

10. Annexed hereto as Exhibit D is a table of Allocated Expenses withheld from Net Profit Interest for the period of April 2000 through September 2009 as well as the amount of 15% of overhead

improperly charged during that time period by Calpine against SAI. Due to plaintiff's efforts, beginning in August 2009, Calpine ceased charging these amounts and plaintiff seeks a declaration that it is entitled to 22.5% of the monthly increase received by SAI from August 2009 through May 2017 at which time the underlying 1987 agreement between Calpine's predecessor and SAI will expire.

11. Interest at the rate of 9% per annum from March 1, 2010 until the return date of this motion is calculated as follows:

[($231,741.76 x .09)/365 days] x 670 days = $38,285.01 ($57.14 per day).

12. Based upon the foregoing, plaintiff seeks an Order pursuant to Federal Rule of Civil Procedure 55(b)(2)

a) for the entry of a default judgment against defendant SAI TRUST for the amount of $270,026.77, plus interest from the date of the Order accruing at the rate of 9% per annum;

b) declaratory relief awarding attorney's fees in the amount of 22.5% of the amount of monthly Allocated Expenses for each month that SAI is not charged Allocated Expenses and 15% overhead from June 2011 through and until May, 2017 when the underlying agreement expires, and

c) for such other and further relief that this Court deems just and proper.

13. No prior request for the relief sought herein has been made.

Dated: New York, New York
       December 6, 2011

_____
Lawrence C. Glynn

3