UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
CARUSO GLYNN, LLC,

                                                                                                                    Case No.: 11 Civ. 4360 (VB)

                Plaintiff,

   -against-

SAI TRUST and ROBERT MEMBRENO,
Individually and as Trustee for SAI TRUST,

                Defendants.
-----------------------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTION FOR ENTRY OF A DEFAULT JUDGMENT**

# CARUSO GLYNN, LLC

Attorney for Plaintiff
Caruso Glynn, LLC
36 PECK SLIP
NEW YORK, NEW YORK 10038
TELEPHONE: (718) 570-3338
FACSIMILE: (718) 767-2474
e-mail to lglynn@carusoglynn.com
www.carusoglynn.com

## Table of Contents

Table of Authorities. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

Preliminary Statement. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Facts. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Procedural History. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    Point I

        This Court Should Enter A Default Judgment Against Defendant. . . . . . . . . . . . . 2

            A.    Willful. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

            B.    Prejudice. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

            C.    Meritorious Defense.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

    Point II

        Plaintiff Has Established its Prima Facie Case for Account Stated.. . . . . . . . . . . . 8

    Point III

        Inquest is Unnecessary.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Conclusion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

# Table of Authorities

**Federal Rules of Civil Procedure**

Fed. R. Civ. P. 55. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3

Fed. R. Civ. P. 55(b)(2). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 12

Fed. R. Civ. P. 55(c). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

**Federal Cases**

*A I Marine Adjusters v. M/V Siri Bhum*, Case No.: 05 Civ. 7227(LBS) 2007 WL 760415 at *2 (S.D.N.Y., Feb. 8, 2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Brown v. DeFilippis*, 699 F.Supp. 1528 (S.D.N.Y. 1988). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*City of New York v. Mickalis Pawn Shop*, LLC, 645 F.3d 114 (2d Cir. 2011). . . . . . . . . . . . . . . 4

*City of New York v. Mickalis Pawn Shop*, LLC, 645 F.3d 114 (2d Cir. 2011). . . . . . . . . . . . . . . 3

*Credit Lyonnais Sec. (USA), Inc. v. Alcantara,* 183 F.3d 151 (2d Cir.1999). . . . . . . . . . . . . . . . 4

*Deshmukh v. Cook*, 630 F.Supp. 956 (S.D.N.Y.1986).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Enron Oil Corp. v. Diakuhara*, 10 F.3d 90 (2d Cir. 1993). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.,* 973 F.2d 155 (2d Cir.1992). . . . . . . . . . 4

*Lanzafame v. Diamond Exterior Restoration Corp.*, Case No.: 04 Civ. 4951, 2006 WL 2265054 at *3 (E.D.N.Y. Aug. 8, 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Meehan v. Snow*, 652 F.2d 274 (2d Cir. 1981). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Nebraskaland Inc. v. Best Selections*, 303 A.D.2d 662 (2nd Dep't 2003). . . . . . . . . . . . . . . . . . 9

*New York v. Green*, 420 F.3d 99 (2d Cir. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 6

*Robert Membreno as trustee of SAI Trust v. Calpine Corp., et al.*, 406 B.R. 463 (S.D.N.Y. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Saleh v. Francesco*, Case No.: 11 Civ. 0438(PKC), 2011 WL 5513375 at *2 (S.D.N.Y., Nov. 10, 2011). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 6

*SEC v. McNulty*, 137 F.3d 732 (2d. Cir. 1998). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Todtman, Nachamie, Spizz & Johns, P.C. v. Ashraf*, 241 F.R.D. 451 (S.D.N.Y. 2007). . . . . . 5, 10

*Walprex Trading Co. v. Yacimeinetos Petroliferos Fiscales Bolivianos*, 109 F.R.D. 692 (S.D.N.Y. 1986). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

**State Cases**

*Bay Ridge Lumber Co., Inc. v. Summit Renovation Corp.*, 271 A.D.2d 559 (2nd Dep't 2000). . . . 9

*Bonamassa v. Estate of Bakos*, 30 Misc.3d 1218(A) (Queens Sup. Ct., Feb. 4, 2011). . . . . . . . . . 9

*Darby v. Darby. PC v. VSI International. Inc.*, 95 NY2d 308 (2000). . . . . . . . . . . . . . . . . . . . . . 9

*Duane Morris LLP v. Astor Holdings Inc.,* 61 A.D.3d. 418 (1st Dept 2009). . . . . . . . . . . . . . . . . 9

*Ellenbogen & Goldstein, P.C. v. Brandes*, 641 N.Y.S.2d 28 (1st Dep't 1996), *appeal denied*, 89 N.Y.2d 806 (1997). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Fink Weinberger Fredman, Berman & Lowell. P.C. v. Petrides*, 80 A.D.2d. 781 (1st Dept 1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Kramer Levin Naftalis & Frankel LLP v. Canal Jean Co. Inc.*, 73 AD3d 604 (1st Dept 2010). . . 9

*Levisohn Lemer Bereer & Langsam v. Gottlieb*, 309 AD2d 668 (1st Dept 2003), *appeal denied,* 1 N.Y.3d 509 (2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Miller v. Nadler*, 60 AD3d 499 (1st Dept 2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Morrison Cohen LLP v. Karl M. Parrish*, 2011 N.Y. Slip Op. 30354 (N.Y. Sup. Ct., Feb. 9, 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Morrison Cohen Singer & Weinstein LLP v. Ackerman,* 208 A.D.2d. 355 (1st Dept 2001). . . . . 9

*O'Connell & Aronowitz v. Gullo*, 229 A.D.2d. 637, 644 N.Y.S.2d 870 (3d Dep't 1996). . . . . . . 9

*Ruskin. Moscou. Evans & Faltishek. P.C. v. FGH Realty Credit Corp.*, 228 A.D.2d. 294 (1st Dept 1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Zanani v. Schvimmer* 50 AD3d 445 (1st Dept 2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

**Treatises**

*Ernest Edward Badway Encyclopedia of New York Causes of Action: Elements and Defenses*, §5-2 at 37-38 [2nd ed. 2010 New York Law Journal Practice Series]. . . . . . . . . . . . . . . . . . . . . . . . . . 9

**PRELIMINARY STATEMENT**

Plaintiff Caruso Glynn, LLC (hereafter, "Caruso Glynn" or "Plaintiff") submits this Memorandum of Law in support of its motion pursuant to Fed. R. Civ. P. 55(b)(2) for the entry of a default judgment against defendant SAI Trust (hereafter "SAI" or "Defendant") on the ground that after having been duly served with a copy of the Summons and Complaint in this matter, Defendant has failed to plead or otherwise move in this action.

**FACTS**

This Court has diversity jurisdiction pursuant to 28 U.S.C. §1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000.00. See Affirmation of Lawrence C. Glynn dated December 6, 2011, hereafter "Glynn Aff.", at ¶3.

This is an action to recover plaintiff's reasonable attorney's fees in accordance with a contingency fee agreement between Plaintiff and defendants Robert Membreno, as Trustee of SAI Trust, and SAI Trust. Glynn Aff., at ¶4. This action is also filed under and pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201. Glynn Aff., at ¶5.

On October 8, 2009, Plaintiff entered into an agreement with SAI to continue handling its lawsuit involving a complex royalties dispute with Calpine Corp. A detailed substantive and procedural history of the underlying bankruptcy action and appeal to the Southern District of New York is set forth in the Decision and Order of this Court dated June 9, 2009 in *Robert Membreno as trustee of SAI Trust v. Calpine Corp., et al.*, 406 B.R. 463 (S.D.N.Y. 2009), ("Decision and Order"). See Complaint, Glynn Aff., Ex. A.

Under the retainer agreement, plaintiff agreed to continue the handling of SAI's case against Calpine, and specifically the pending appeal to the Second Circuit and any proceedings thereafter,

on a contingency fee basis of 22.5% of the gross amount covered plus disbursements. A copy of the retainer agreement has been annexed to the Complaint as Ex. B.

Thereafter, in or about March 2010, SAI and Calpine settled the matter. Complaint, ¶10. At the time of the settlement, Plaintiff was still counsel of record for SAI. Complaint, ¶11. However, SAI, in an attempt to prevent plaintiff from recovering its rightful fee, consummated the settlement with Calpine using new counsel and without plaintiff's knowledge or consent. Complaint, ¶12. The amount of the settlement between SAI and Calpine was $835,000.00 in cash and stock. A copy of the settlement agreement between SAI and Calpine is annexed as Ex. C to the Complaint.

## PROCEDURAL HISTORY

Personal service upon defendant SAI TRUST was made on September 16, 2011 by delivering the summons to Marc Membreno, Vice President of SAI Trust, in accordance with CPLR §311. Glynn Aff., ¶8, Ex. B. In excess of 21 days have now elapsed and the defendant has failed to answer or otherwise move in this action. A copy of the Clerk's Certificate of Default has been annexed to the Glynn Aff. as Ex. C.

## ARGUMENT

## POINT I

## THIS COURT SHOULD ENTER A DEFAULT JUDGMENT AGAINST DEFENDANT

Fed. R. Civ. P. 55 sets forth the circumstances under which the entry of a default judgment is proper. Fed. R. Civ. P. 55 provides, in part:

> **(a)**     **Entering a Default.** When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

**(b)     Entering a Default Judgment.**

**(1)     By the Clerk.**  If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk - on the plaintiff's request, with an affidavit showing the amount due - must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

**(2)     By the Court.**  In all other cases the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals-preserving any federal statutory right to a jury trial - when, to enter or effectuate judgment, it needs to:

**(A)**   conduct an accounting;
**(B)**   determine the amount of damages;
**(C)**   establish the truth of any allegation by evidence; or
**(D)**   investigate any other matter.

"Rule 55, Fed. R. Civ. P., provides a 'two-step process' for the entry of judgment against a party who fails to defend: first, the entry of a default, and second, the entry of judgment." *Saleh v. Francesco*, Case No.: 11 Civ. 0438(PKC), 2011 WL 5513375 at *2 (S.D.N.Y., Nov. 10, 2011) *citing New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005). "The first step, entry of a default, formalizes a judicial recognition that a defendant has, through its failure to defend the action, admitted liability to the plaintiff." *Id., and see City of New York v. Mickalis Pawn Shop*, LLC, 645 F.3d 114, 129 (2d Cir. 2011). "The second step, entry of a default judgment, converts the defendant's admission of

3

liability into a final judgment that terminates the litigation and awards the plaintiff any relief to which the court decides it is entitled...." *Id.*.

"The disposition of motions for entries of default judgment is left to the sound discretion of the district court." *Id.* at *3 citing *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993). "This discretion is circumscribed 'because there is a strong preference for resolving disputes on the merits.'" *Id.* citing *City of New York v. Mickalis Pawn Shop*, LLC, 645 F.3d 114, 129 (2d Cir. 2011)(internal citations and quotations omitted). *And see Credit Lyonnais Sec. (USA), Inc. v. Alcantara,* 183 F.3d 151, 155 (2d Cir.1999); *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.,* 973 F.2d 155, 158 (2d Cir.1992); *A I Marine Adjusters v. M/V Siri Bhum*, Case No.: 05 Civ. 7227(LBS) 2007 WL 760415 at *2 (S.D.N.Y., Feb. 8, 2007); *Deshmukh v. Cook*, 630 F.Supp. 956, 959 (S.D.N.Y.1986) (when a defendant defaults, "the factual allegations of the complaint relating to liability are taken as true, but the allegations relating to the amount of damages are not").

Where the defaulted defendant opposes default judgment, courts treat the opposition as a motion to vacate entry of default and examine whether good cause exists to vacate the entry. *See Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981); *Walprex Trading Co. v. Yacimeinetos Petroliferos Fiscales Bolivianos*, 109 F.R.D. 692, 694 (S.D.N.Y. 1986); *see also* Fed. R. Civ. P. 55(c)("The court may set aside an entry of default for good cause.") "Because Rule 55(c) does not define the term 'good cause,' [the Second Circuit has] established three criteria that must be assessed.... These widely accepted factors are: (1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993).

4

**A.     Willful Default**

With respect to the first factor, there is no dispute that Defendant was properly served with the Summons and Complaint and that they have failed to plead or otherwise move in this action. Defendant's default, and thus admission of liability, has been noted by the Clerk's entry of default. Glynn Aff., ¶¶8-9; Ex's. B and C.

Defendant, through counsel, noted their appearance on October 21, 2011. See Docket Entry # 4. Despite having appeared, Defense counsel has not sought an extension of time to answer or move, and has not proceeded to defend the action in any way. The only conclusion to be drawn from this nearly two month failure to defend is that SAI has willfully defaulted. A default may be willful "where the conduct of counsel or the litigant was egregious and not satisfactorily explained." *Todtman, Nachamie, Spizz & Johns, P.C. v. Ashraf*, 241 F.R.D. 451, 454 (S.D.N.Y. 2007) citing *SEC v. McNulty*, 137 F.3d 732, 738 (2d. Cir. 1998). "Thus, 'courts have held the default to be willful when a defendant simply ignores the complaint without action.'" *Id.* citing *Brown v. DeFilippis*, 699 F.Supp. 1528, 1530 (S.D.N.Y. 1988).

**B.     Prejudice**

With respect to the second factor, setting aside the default would greatly prejudice plaintiff. First, since the settlement between SAI and Calpine (to which plaintiff is entitled to a percentage of as reasonable attorney's fees) is contingent upon the Calpine share price, damages that will ultimately be awarded to plaintiff may be greatly impacted should the Calpine share price drop significantly. This is especially true given the history of Calpine's share price. As Calpine is a generator of electricity through its various geothermal plants located in Central California, and due to the mild winter and spring seasons in this region, Calpine's shares drop significantly during these

months, when energy demand is at its lowest. Calpine is currently trading near its 52-week high, at $15.25 per share likely due to the above average temperatures thus far. However, by allowing SAI to continue to delay this litigation merely by failing to defend, plaintiff will be prejudicially impacted in its recovery.

Second, plaintiff seeks declaratory relief, *to wit*, that for each month from August 2009 (and going forward) that Calpine refrains from withholding a portion of the monthly Net Profit Interest otherwise due and owing to SAI (which was the central issue in the underlying action), that is directly attributable to plaintiff's effectiveness in the underlying action[1], plaintiff is entitled to 22.5% of that amount. "Although 'delay alone is not a sufficient basis for establishing prejudice,' a showing that 'delay may thwart plaintiff's recovery or remedy,' is sufficient." *Saleh v. Francesco*, Case No.: 11 Civ. 0438(PKC), 2011 WL 5513375 at *5 (S.D.N.Y., Nov. 10, 2011) *citing New York v. Green*, 420 F.3d 99, 110 (2d Cir. 2005).

By delaying this action, SAI is simultaneously delaying a declaration that plaintiff is properly owed 22.5% of the Allocated Expenses and overhead charges which Calpine improperly began charging in April 2000 and ceased charging in August 2009. See Glynn Aff., Ex. D which is a summary of all improper charges imposed by Calpine during this time period. Calpine ceased this practice in August 2009 as a direct result of plaintiff's vigorous efforts. This is not an inconsequential sum, as the Allocated Expenses that were being charged by Calpine over 9 1/4 years from April 2000 through September 1, 2009 totaled $450,000.00 (Glynn Aff., Ex. D). That is

---

[1] Through plaintiff's efforts, Calpine ceased its accounting chicanery and began paying SAI what it was rightfully owed under the 1987 royalty agreement each month, something it had not been doing for 9 years. For a more detailed explanation of the underlying dispute, see Judge Marrero's decision, Glynn Aff., Ex. A.

approximately $48,648.65 per year. Going forward, and assuming a similar annual amount, at 22.5%, plaintiff is entitled to approximately $11,000.00 per year through May 2017 when the underlying royalty agreement expires. SAI's purposeful delay in answering this action is to attempt to run out the clock on the declaratory judgment portion of plaintiff's claim.

Third, and most importantly, in addition to the substantial delay and resulting prejudice, given that SAI has already demonstrated its readiness to collude with Calpine (as it did when it surreptitiously entered into the settlement agreement with Calpine through new counsel despite that it was still represented by plaintiff - all in an effort to prevent plaintiff from knowing the terms of the agreement and from collecting its rightful contingency fee based on that settlement), it is very likely that all evidence of the Net Profit Interest going forward, including the amount attributable to Allocated Expenses, will be concealed, altered or lost by SAI and/or its new "ally," Calpine. Plaintiff will have no way of demonstrating further entitlement to 22.5% of these expenses going forward if SAI conceals key evidence, a very real possibility given their past deceptive practices. Clearly, plaintiff has demonstrated substantial prejudice.

**C.     Meritorious Defense**

With respect to the third factor, SAI can offer no meritorious defense. Lawrence C. Glynn, the sole member of Caruso Glynn, LLC, upon departing his prior firm, advised SAI of his intention to leave. Glynn offered SAI a choice of either maintaining the action with prior counsel or, if they so desired, finding new counsel. Glynn informed SAI that should it continue with Glynn handling the matter, given the dramatic shift in the nature of the action (it was on life support when Glynn first took it over from SAI's California counsel) and with the finding by Judge Marrero that Calpine, not SAI, was responsible to pay attorney's fees under the 1987 agreement, and facing the uncertainty of

an appeal to the Second Circuit brought by Calpine to reverse Judge Marrero's decision, that any further handling by Glynn would be done on an extremely reasonable contingency fee of 22.5% as opposed to an hourly basis.

This fee arrangement was offered to SAI at a time when the matter was on appeal to the Second Circuit. Had the Second Circuit reversed Judge Marrero, the matter would have likely been remanded back to the United States Bankruptcy Court for the Southern District of New York. SAI was looking at potentially years worth of future litigation. Plaintiff was willing to face such uncertainty receiving absolutely no further fees and the possibility of getting absolutely nothing had the matter been lost. With that, SAI chose to have Glynn continue handling the matter and never objected to the contingency fee arrangement. (Why would they?) SAI received two monthly invoices in November 2009 and December 2009, both confirming that the matter was being handled on a contingency fee. In fact, the contemporaneous time records depicted in each of these invoices demonstrated that while attorney's time was being recorded, there was **no** hourly charge for this work and instead, the words "**Contingency Fee - fee waived**" was inserted into the space where the dollar value of a time fee otherwise would have been inserted. See Complaint, Ex. D, which is the November 2009 invoice sent by plaintiff to SAI Trust. Again, SAI never complained, or objected or questioned this invoice. SAI was clearly on notice of the fee arrangement and is unable to offer any justification for failing to honor the fee agreement.

## POINT II

## PLAINTIFF HAS ESTABLISHED ITS *PRIMA FACIE* CASE FOR ACCOUNT STATED

Under New York law, which governs the agreement between SAI and Caruso Glynn, LLC, the elements for account stated are the rendering of an account and the failure of the responsible

party to object within a reasonable period of time. *Bonamassa v. Estate of Bakos*, 30 Misc.3d 1218(A) (Queens Sup. Ct., Feb. 4, 2011) citing *Ernest Edward Badway Encyclopedia of New York Causes of Action: Elements and Defenses*, §5-2 at 37-38 [2nd ed. 2010 New York Law Journal Practice Series]; *Nebraskaland Inc. v. Best Selections*, 303 A.D.2d 662 (2nd Dep't 2003); *Bay Ridge Lumber Co., Inc. v. Summit Renovation Corp.*, 271 A.D.2d 559 (2nd Dep't 2000).

In New York, a lawyer may assert a cause of action for account stated against a client "with proof that a bill, even if unitemized, was issued to a client and held by the client without objection for an unreasonable period of time. It is not necessary to establish the reasonableness of the fee since the client's act of holding the statement without objection will be construed as acquiescence as to its correctness." *O'Connell & Aronowitz v. Gullo*, 644 N.Y.S.2d 870, 871 (3d Dep't 1996) (citations omitted), *appeal denied*, 89 N.Y.2d 803 (1996). Significantly, an account stated will be enforced regardless of whether there was an initial retainer agreement between the attorney and client. *See, e.g., Ellenbogen & Goldstein, P.C. v. Brandes*, 641 N.Y.S.2d 28, 29 (1st Dep't 1996), *appeal denied*, 89 N.Y.2d 806 (1997)

Further, even if this were at the summary judgment stage, SAI would be unable to defeat a such a motion.

> The law is well settled that to defeat a motion for summary judgment on an account stated cause of action for legal fees, defendant client must make a sufficient evidentiary showing that he objected within a reasonable time to the invoices he received from plaintiff, and self-serving, bald, conclusory and unsubstantiated allegations of oral protests or objections do not satisfy this standard. See *Darby v. Darby. PC v. VSI International. Inc.*, 95 NY2d 308, 315 (2000); *Kramer Levin Naftalis & Frankel LLP v. Canal Jean Co. Inc.*, 73 AD3d 604 (1st Dept 2010); *Duane Morris LLP v. Astor Holdings Inc.,* 61 A.D.3d. 418 (1st Dept 2009) *supra*: *Miller v. Nadler*, 60 AD3d 499 (1st Dept 2009); *Zanani v. Schvimmer* 50 AD3d 445 (1st Dept 2008); *Levisohn Lemer Bereer & Langsam v. Gottlieb*, 309 AD2d 668 (1st Dept 2003), *appeal denied,* 1 N.Y.3d 509 (2004); *Morrison Cohen Singer &*

9

*Weinstein LLP v. Ackerman,* 208 A.D.2d. 355 (1st Dept 2001); *Ruskin. Moscou. Evans & Faltishek. P.C. v. FGH Realty Credit Corp.*, 228 A.D.2d. 294 (1st Dept 1996); *Fink Weinberger Fredman, Berman & Lowell. P.C. v. Petrides*, 80 A.D.2d. 781 (1st Dept 1981), *app dism* 53 NY2d 1028 (1981). As the court previously determined, defendant's conclusory and unsubstantiated allegations that he objected to and complained about plaintiffs services and fees, are insufficient to raise a triable issue as to whether he in fact disputed plaintiffs statement of account.

*Morrison Cohen LLP v. Karl M. Parrish*, 2011 N.Y. Slip Op. 30354 (N.Y. Sup. Ct., Feb. 9, 2011)

Here, SAI would, at best, offer nothing more than precisely the types of self-serving, bald, conclusory and unsubstantiated allegation to demonstrate a meritorious claim. With nothing more, default, as would be summary judgment, is proper.

## POINT III

## INQUEST IS UNNECESSARY

Where a claim is for a sum certain, the Clerk of the Court may enter a judgment for the amount stated in the Complaint. See Fed. R. Civ. P. 55(b)(1); *Todtman, Nachamie, Spizz & Johns, P.C. v. Ashraf*, 241 F.R.D. 451, 454 (S.D.N.Y. 2007); *Lanzafame v. Diamond Exterior Restoration Corp.*, Case No.: 04 Civ. 4951, 2006 WL 2265054 at *3 (E.D.N.Y. Aug. 8, 2006). Plaintiff's damages, as set forth in the Complaint, are undoubtedly for a sum certain.

For this firm's efforts in enforcing the terms of the Agreement between Calpine and SAI, plaintiff is entitled to its reasonable attorney's fees in that action which were 22.5% of the settlement. Complaint, ¶18.

The settlement consisted of the issuance of 48,863 shares in Calpine stock to SAI Trust valued at Calpine's closing share price on the date of execution of said agreement. [Complaint, Ex. C, §1(a)]. The settlement agreement was signed by both parties, but undated, stating only "March

10

___, 2010." Thus, the average share price for Calpine (stock symbol CPN) for the month of March 2010 was $11.53. The cash component of the settlement between Calpine and SAI was thus $835,000 less 48,863 shares x $11.53 ($563,390.39) or $271,609.61. [Exhibit C, §1(b)]. The share price of Calpine as of market's close on June 20, 2011 (just prior to the filing of this action), was $15.52. Accordingly, the settlement amount, valued as of June 20, 2011, is the aforementioned cash component of $271,609.61 plus 48,863 shares valued at $15.52 ($758,353.76) for a total of $1,029,963.37. Complaint, ¶¶19-24.

Plaintiff's reasonable attorney's fees in prosecuting the underlying action, based upon this settlement amount, total $231,741.76. To date, SAI has failed to pay Plaintiff its reasonable attorney's fees. In light of the foregoing, Plaintiff has suffered damages in the amount of $231,741.76. Complaint, ¶¶25-27.

Interest at the rate of 9% per annum from March 1, 2010 until December 31, 2011 is calculated as follows:

[($231,741.76 x .09)/365 days] x 670 days = $38,285.01 ($57.14 per day).

Based upon the foregoing, plaintiff seeks an Order pursuant to Fed. R. Civ. P. 55(b)(2) for the entry of a default judgment against defendant SAI[2] for the amount of $270,026.77 [$231,741.76 + $38,285.01], plus interest from the date of the Order accruing at the rate of 9% per annum and declaratory relief awarding attorney's fees in the amount of 22.5% of the amount of monthly Allocated Expenses and 15% of overhead for each month that SAI is not charged Allocated

---

[2] Default against fewer than all of the defendants is appropriate under Fed. R. Civ. P. 54(b) as there is no just reason for delay. Co-defendant, Robert Membreno, individually and as trustee of SAI Trust, has, to date, effectively evaded service. Mr. Membreno spends most of his time at the resort he founded, Marina Puesta del Sol, in Nicaragua. Plaintiff will attempt to serve Mr. Membreno via the Hague Convention and respectfully requests the Court an additional 120 days under Fed. R. Civ. P. 4(m) to effectuate such service.

Expenses and 15% overhead from June 2011 through and until May, 2017 when the underlying 1987 agreement expires. Glynn Aff., ¶¶10-11.

## CONCLUSION

Based upon the foregoing, plaintiff seeks an Order pursuant to Fed. R. Civ. P. 55(b)(2) for the entry of a default judgment against defendant SAI Trust in the amount of $270,026.77 plus interest from the date of the Order accruing at the rate of 9% per annum, and for costs and attorney's fees in the amount of $1,600.00 ($320 per hour x 5 hours) associated with preparing this motion, plus costs of $500 for the filing fee, service and copies, and for such other and further relief that this Court deems just and proper.

Dated:  New York, New York
        December 6, 2011

                                        Respectfully submitted,

                                        **CARUSO GLYNN, LLC**
                                        Attorneys for Plaintiff

By: /s/ *Lawrence C. Glynn*
                                        Lawrence C. Glynn (LG-6431)
                                        36 Peck Slip
                                        New York, New York 10038
                                        (718) 570-3338
                                        File No.: 88.071108.01