**Caruso Glynn, LLC**
Attorney for Plaintiff
36 Peck Slip
New York, New York 10038
(718) 570-3338
Attorney: Lawrence C. Glynn (LG-6431)
CG File No.:   88.071108.01

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
CARUSO GLYNN, LLC,

                                         Case No.: 11 Civ. 4360 (VB)

             Plaintiff,

     -against-

SAI TRUST and ROBERT MEMBRENO,
Individually and as Trustee for SAI TRUST,

             Defendants.
-------------------------------------------------------------x

## REPLY AFFIRMATION OF LAWRENCE C. GLYNN IN FURTHER SUPPORT OF MOTION FOR DEFAULT JUDGMENT AND IN OPPOSITION TO DEFENDANTS' CROSS-MOTION TO DISMISS

STATE OF NEW YORK     )
                             ) ss.:
COUNTY OF NEW YORK  )

      LAWRENCE C. GLYNN, an attorney duly admitted to practice law in the State of New York, hereby affirms under the penalty of perjury as follows:

      1.      I am a member of the firm of Caruso Glynn, LLC and am fully familiar with the facts of this matter through my review of the file maintained by this office in this regard.

2.      This reply affirmation is submitted in further support of plaintiff's motion pursuant to Fed. R. Civ. P. 55(b)(2) for the entry of a default judgment against defendant SAI TRUST ("SAI" or "Defendant") and in opposition to defendants' motion to dismiss.

3.      Defendants continue to ignore that there was a valid contingency fee agreement which they breached and upon which plaintiff now seeks relief.

4.      Defendants never objected to this contingency fee until some two months later and only after two invoices confirming the fee arrangement had been sent.

5.      Plaintiff generously accommodated this client by agreeing to modify the original agreement to reflect hourly billing.

6.      The consideration for this modification was that defendants would, in fact, pay the hourly rate for all services.

7.      Defendants decided that they were not going to honor this modified agreement either, refusing to pay plaintiff for services rendered on a time basis. Having thus breached the modified agreement to pay at an hourly rate, after having breached the original contingency fee agreement, plaintiff is rightfully entitled to enforce the original contingency fee agreement and defendants are obligated to now pay the contingency fee. See N.Y. Gen. Oblig. L. § 15-501(3).

8.      Plaintiff sought previously to only enforce the modified agreement requiring defendants to pay for all services on an hourly basis.

9.      However, defendants defaulted on the demand for arbitration requiring plaintiff to bring suit in Queens Civil Court in that action. See correspondence dated June 30, 2010 from this office to the Unified Court System, Eleventh Judicial District, Supreme Court (Office of Court

Administration) annexed hereto as Exhibit A noting defendants failure to timely respond to the demand for arbitration.

10.     Defendants then defaulted in answering that complaint and only after a motion for default was brought in that court, moved to dismiss the complaint alleging that any claim had to be arbitrated (ignoring their own failure to timely respond to the demand for arbitration). Plaintiff's detailed, contemporaneous time records for this matter are set forth below.

11.     Since entering into a stipulation to arbitrate that matter on April 4, 2011, defendants have once again failed to submit to arbitration as promised in that stipulation.

12.     Plaintiff is now abandoning any attempts to collect on an hourly basis, i.e., the accord (as such efforts have proven fruitless), and is instead seeking in this action solely to enforce the original agreement as is its right under New York's General Obligation Law.

13.     Further, as the amount owed under the original contingency fee agreement exceeds $50,000.00, this matter does not fall under the purview of Part 137 of the Rules of the Chief administrator of the Courts and is thus not arbitrable.

14.     Plaintiff is also entitled to damages associated with its reasonable mitigation efforts in seeking to enforce the terms of both the original contingency fee agreement and the accord. Plaintiff's detailed, contemporaneous time records for all such efforts are detailed below.

| Date | Description of Services | Hours | Fee |
|------|------------------------|-------|-----|
| 4/30/10 | Send Notice of Arbitration to SAI via certified, return receipt requested. | .4 | 128 |
| 5/25/10 | Receipt and review return receipt for certified mail of notice of arbitration. Received by SAI on 5/21/10. | .1 | 32 |
| 6/23/10 | Draft endorsed complaint | .5 | 160 |

| Date | Description of Services | Hours | Fee |
|------|------------------------|-------|-----|
| 6/29/11 | Receipt and review notice from 11th Judicial District indicating SAI responded via fax beyond 30 day time to respond to demand for arbitration. | .1 | 32 |
| 6/30/10 | Draft response to 11th Judicial District | 1.7 | 544 |
| 8/31/10 | Teleconference with counsel for SAI Re: SAI's request that their delay in responding to demand for arbitration be disregarded and request to arbitrate or else will move to stay action on basis of "mandatory arbitration." | .2 | 64 |
| 8/31/10 | Receipt and review correspondence from Edward B. Safran, Esq. Re: SAI's request that their delay in responding to demand for arbitration be disregarded and request to arbitrate or else will move to stay action on basis of "mandatory arbitration." | .1 | 32 |
| 1/8/11 | Draft motion for default | 3.5 | 1120 |
| 1/9/11 | Draft correspondence to clerk of court forwarding motion, fee. | .2 | 64 |
| 1/26/11 | Teleconference with Linda from Ed Safran's office Re: request for stipulation adjourning return date on default motion. | .1 | 32 |
| 1/26/11 | Sign and return stipulation adjourning motion. | .1 | 32 |
| 1/28/11 | Receipt, review and analyze opposition to motion for default and cross motion to dismiss. | .7 | 224 |
| 1/28/11 | Draft reply affirmation and affirmation in opposition to cross motion to dismiss. | 2.4 | 768 |
| 1/28/11 | Draft amended complaint. | 1.2 | 384 |

| Date | Description of Services | Hours | Fee |
|------|------------------------|-------|-----|
| 2/10/11 | Receipt, review and analyze second opposition to motion for default and cross motion to dismiss. | .5 | 160 |
| 2/11/11 | Draft affirmation in opposition to second cross motion to dismiss. | 2.4 | 768 |
| 4/4/11 | Attend oral argument on motion for default, cross-motion to dismiss complaint. | 4.5 | 1440 |
| 6/21/11 | Draft complaint (s.d.n.y.) for breach of original contingency agreement, quantum meruit, declaratory relief | 2.8 | 896 |
| 6/28/11 | Draft correspondence to Judge Briccetti forwarding courtesy copy of pleadings. | .2 | 64 |
| 6/28/11 | Draft correspondence to process server forwarding summons and complaint for service upon defendants. | .2 | 64 |
| 11/28/11 | Draft clerk's certificate of default. | .2 | 64 |
| 12/7/11 | Draft order to show cause - motion for default and supporting affirmation. | 1.4 | 448 |
| 12/7/11 | Draft memorandum of law in support of motion for default. | 3.6 | 1152 |
| | **Total** | 27.1 | 8672 |

## Disbursements

| Date | Payee | Description | Amount |
|------|-------|-------------|--------|
| 6/23/10 | Queens Civil | Index no. | 45.00 |
| 8/1/10 | NY Server | Service of Process | 170.00 |
| 6/21/11 | USDC-SDNY | Filing fee. | 350.00 |

| | | | |
|---|---|---|---|
| 9/21/11 | NY Server | Service of Process | 170.00 |
| 12/8/11 | CG | Copies @ $.10 per page | 57.20 |
| | **Total** | | 792.2 |

## Summary of All Fees & Expenses

**Attorney**

| | | |
|---|---|---|
| Lawrence C. Glynn | 27.1 hours at $320 per hour | $8,672.00 |

| | |
|---|---|
| Total Fees (This Period) | $8,672.00 |
| Total Disbursements | 792.20 |
| Previous Balance | 0.00 |
| Payment(s) Received | -0.00 |
| **Total Due** | **$9,464.20** |

15.     Based upon the foregoing, plaintiff seeks an Order pursuant to Federal Rule of

Civil Procedure 55(b)(2)

a)      for the entry of a default judgment against defendant SAI TRUST for the amount

of $270,026.77, plus interest from the date of the Order accruing at the rate of 9% per annum;

b)      interest through the return date of this motion totaling $38,285.01 calculated as

follows:

[($231,741.76 x .09)/365 days] x 670 days = $38,285.01 ($57.14 per day).

6

c)        declaratory relief awarding attorney's fees in the amount of 22.5% of the amount of monthly Allocated Expenses for each month that SAI is not charged Allocated Expenses and 15% overhead from June 2011 through and until  May, 2017 when the underlying agreement expires;

d)        plaintiff's mitigation damages, including this motion for default, totaling $9,464.20, and

e)        for such other and further relief that this Court deems just and proper.

Dated:  New York, New York
            December 26, 2011


                        /s/ *Lawrence C. Glynn*
                        Lawrence C. Glynn