HILL RIVKINS LLP
45 Broadway – Suite 1500
New York, NY 10006
Telephone: 212-669-0600
Facsimile: 212-669-0698
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CARUSO GLYNN, LLC<br><br>                    Plaintiff,<br><br>     -Against-<br><br>SAI TRUST and ROBERT MEMBRENO,<br>Individually and as Trustee for SAI<br>TRUST,<br><br>                    Defendants. | Civil Action No.: 7:11-cv-4360 (VB)<br>ECF CASE<br><br><br><br>**DECLARATION OF ROBERT<br>MEMBREÑO** |

I, Robert Membreño, declare under penalty of perjury of the laws of the United States of America as follows:

1. I am a defendant in this action and make this declaration based upon my personal knowledge. I submit this Declaration in support of the motion of the Defendants to dismiss the plaintiff's complaint in this case.

2. I am a U.S. citizen, although I currently reside in Nicaragua, where I have lived since before June 2011.

3. I am the sole trustee of SAI Trust (hereinafter "SAI"), a trust established under California law. I have not authorized or designated any other person to accept service of process or any other similar legal papers on behalf of SAI.

1

4. I have never been served with a copy of the summons or complaint in this action.

5. I understand that a process server attempted to serve a summons and complaint in this action upon me and/or SAI between July and September of this year at 2072B Walsh Avenue, Santa Clara, California, which was my place of business before I moved to Nicaragua.

6. I understand that the plaintiff has alleged in its complaint in this case that SAI is a "California corporation or other business entity". This statement is false, and the plaintiff, as a former attorney representing SAI, both with his prior firm and briefly as a solo practitioner, must know that this statement is false.

7. Neither SAI nor I ever agreed that the plaintiff would represent SAI or myself pursuant to a contingency fee agreement. The plaintiff did indeed propose a contingent fee arrangement in an e-mail of October 10, 2009, but we objected to the plaintiff's proposal in December 2009. The plaintiff agreed not to take a contingency fee and began submitting invoices for legal fees on an hourly basis.

8. The plaintiff previously filed an action in New York State Civil Court for Queens County in 2010 to recover legal fees from SAI for the same alleged services for which now it apparently seeks recovery. Attached as Exhibit 1 hereto is an affirmation of Lawrence C. Glynn, Esq., dated January 10, 2011, submitted in the Queens Civil Court action. The affirmation of Mr. Glynn, who I understand to be the plaintiff's sole member, states in pertinent part as follows:

> 7. This firm originally handled SAI's complex bankruptcy action and the pending appeal to the Second Circuit on a contingency fee basis of 22.5% of the gross amount recovered plus out of pocket expenses. See October 8, 2009 retainer e-mail annexed hereto as Exhibit D.

8.  In December 2009, more than two months after the retainer was sent and no objection to the terms received and after a good amount of work was performed on the case, SAI then decided that it objected to a contingency fee and offered a $10,000 performance bonus in lieu of the contingency fee plus payment of all hours worked on a time basis. The undersigned acquiesced and agreed to instead bill the client on a time basis retroactive to October 1, 2009 for all time worked on this matter.

9.  As stated above, the only correspondence referring to a retainer agreement was Mr. Glynn's October 8, 2009, e-mail. I never expressed any agreement, for myself or on behalf of SAI, to this e-mail, which was only a proposal. As Mr. Glynn admitted earlier this year, we communicated our rejection of his proposal of a contingency fee agreement in December 2009. I understand that the plaintiff has never alleged that we ever communicated any agreement on a contingency fee to it.

10. To my understanding, the Queens Civil Court action was settled by the plaintiff and our New York attorney by stipulation, under which the parties agreed to resolve their fee dispute through arbitration. A copy of the stipulation of settlement, dated April 4, 2011, referring the matter to arbitration is attached as Exhibit 2 hereto.

11. The plaintiff claimed in the Queens Civil Court case that it was entitled to legal fees in the amount $16,561.84. SAI and I have disputed the plaintiff's calculation of legal fees in that action in good faith. We fully intended to respond to the plaintiff's claim by way of arbitration, but the plaintiff has not taken any steps to pursue its claim in arbitration. Instead, the plaintiff has improperly filed this action, falsely claiming that there was a contingency fee agreement in place, contrary to his sworn affirmation before the Queens Civil Court.

The foregoing is declared to be true and correct under penalty of perjury of the laws of the United States of America.


Dated: December 23, 2011



                                                ____/s/ *Robert Membreño*____
                                                        Robert Membreño