UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CARUSO GLYNN, LLC,
Plaintiff,

v.

SAI TRUST and ROBERT MEMBRENO, individually and as trustee for SAI TRUST,
Defendants.

**MEMORANDUM DECISION**

11 CV 4360 (VB)

Briccetti, J.:

Plaintiff Caruso Glynn, LLC, brings this action to recover legal fees in accordance with a contingency fee arrangement purportedly entered into with defendants SAI Trust and Robert Membreno. On December 8, 2011, the Court issued an order to show cause as to why default judgment should not be entered pursuant to Fed. R. Civ. P. 55(b)(2) against defendants for failure to plead or otherwise defend in this action. Thereafter, defendants moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(5) for failure to properly serve the summons and complaint; to stay or dismiss this action pursuant to Section 3 of the Federal Arbitration Act, 9 U.S.C. § 3, or N.Y. C.P.L.R. § 7503; and to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. #8).

For the following reasons, defendants' motion to dismiss pursuant to Rule 12(b)(5) is DENIED; defendants' motion to stay this action pursuant to the FAA is GRANTED; and plaintiff's motion for default judgment is DENIED. The Court declines to consider defendants' Rule 12(b)(6) motion.

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

## BACKGROUND

For purposes of ruling on the motion to dismiss, the Court accepts all factual allegations of the complaint as true.

I. Underlying Facts

Plaintiff is a New York law firm that, on October 8, 2009, allegedly entered into a retainer agreement with SAI Trust to represent SAI Trust in a lawsuit arising out of a royalties dispute with Calpine Corporation. See In re Calpine Corp., 406 B.R. 463, 466 (S.D.N.Y. 2009). According to the complaint, Robert Membreno is the trustee of SAI Trust and resides in California. The complaint states SAI Trust is a California corporation or other business entity doing business in New York.

Plaintiff attaches as Exhibit B to the complaint the purported retainer agreement between plaintiff and defendants. Exhibit B is a copy of an email, dated October 8, 2009, entitled "SAI Trust v. Calpine" from Lawrence Glynn to Robert and Marc Membreno. The email advises that Glynn was winding down his employment at Nicoletti, Horning & Sweeney, which appears to be the firm that represented SAI Trust to the date of the email. The email sets forth Glynn's ability to provide defendants with the same quality representation going forward, the amount defendants owed Nicoletti, Horning & Sweeney, and the terms of plaintiff's continuing representation of defendants, including a 22.5% contingency fee of any gross recovery from Calpine plus out of pocket disbursements.

On November 2, 2009, plaintiff sent defendants an invoice that included the number of hours plaintiff had worked on defendants' case to that date and a description of the services provided by plaintiff during those hours. The invoice lists plaintiff's total hours worked as 14.9 hours and indicates this work was being done on a "contingency fee; fee waived" basis.

In March 2010, SAI Trust settled its lawsuit against Calpine. Plaintiff claims it is due reasonable attorney's fees equal to 22.5% of the settlement.

The settlement consisted of a payment from Calpine to SAI Trust of cash and Calpine's stock. Pursuant to the settlement agreement, Calpine issued 48,863 of its shares to SAI Trust valued at Calpine's closing share price on the date the settlement agreement was executed. Calpine also made a cash payment to SAI Trust of $835,000 less the value of the shares paid to SAI Trust.

Calpine's share price as of market close on June 20, 2011, was $15.52. Therefore, the settlement amount as of June 20, 2011, totaled $1,029,963.37, consisting of $271,609.61 cash plus 48,863 shares valued at $15.52 per share. Plaintiff claims it is owed, based on this settlement amount, attorney's fees in the amount of $231,741.76.

II. Service on Defendants

Plaintiff moved for default judgment against defendants for failure to plead or otherwise defend in this action pursuant to Rule 55(b)(2), and on December 8, 2011, the Court issued an order to show cause as to why default judgment should not be entered against defendants. Plaintiff claims defendants were properly served with the summons and complaint in this action. The proof of service filed with plaintiff's motion for default judgment indicates service was made on Mark Membreno,[1] on behalf of SAI Trust, at 2072 B Walsh Avenue, Santa Clara, CA 95050, on September 16, 2011.

On December 23, 2011, defendants moved to dismiss this action under Rule 12(b)(5) for failure to properly serve the complaint within 120 days as required by Rule 4(m). Fed. R. Civ. P.

---

[1] The proof of service refers to "Mark" Membreno. Defendants refer to Marc Membreno. The Court finds this distinction immaterial for purposes of this decision, and refers to this person as Marc Membreno.

4(m); 12(b)(5). Defendants argue any purported service was defective because plaintiff failed to serve SAI Trust's sole trustee, Robert Membreno, who has resided in Nicaragua since before this action was commenced.

While the first page of the proof of service states Mark Membreno was served, the second page states "[t]his summons for Robert Membreno as trustee of SAI Trust" was received on July 20, 2011. In the middle of the second page, the proof of service states again the summons was served on Mark Membreno "who is designated by law to accept service of process on behalf of SAI Trust." The bottom of the second page notes, under the heading "additional information regarding attempted service," recipient "denied being affiliated with named defendant although they share the last name."

A copy of the envelope attached to the proof of service is addressed to Robert Membreno c/o SAI Trust, 2072 B Walsh Ave., Santa Clara, CA 95050.

Defendants claim Marc Membreno is the son of Robert Membreno and has no authority to accept service of process on behalf of SAI Trust. Plaintiff's process server visited Marc on several occasions and was informed by Marc that he was not authorized to accept service for SAI Trust. Despite this, the process server left an envelope containing copies of the summons and complaint in Marc's office. Defendants claim Robert Membreno and SAI Trust have never been served in this action.

III. Arbitration Agreement

Defendants also claim plaintiff filed suit in 2010 against SAI Trust in New York City Civil Court for Queens County seeking recovery of legal fees for the same legal work plaintiff seeks to recover in this action. Defendants claim plaintiff entered into a stipulation of settlement

in the state action, in which the parties agreed to refer plaintiff's claim for legal fees to arbitration. Defendants claim this binding arbitration agreement bars the current action.

## DISCUSSION

I. Insufficient Service of Process

Defendants seek dismissal on the ground that plaintiff has not properly served the summons and complaint. When a defendant moves for dismissal under Rule 12(b)(5), the Court must first address the preliminary questions of service and personal jurisdiction. Hertzner v. U.S. Postal Serv., 2007 WL 869585, at *3 (E.D.N.Y. Mar. 20, 2007). When considering a motion to dismiss pursuant to 12(b)(5) for insufficient service of process, courts must look to matters outside the complaint to determine whether it has jurisdiction. Mende v. Milestone Tech., Inc., 269 F. Supp. 2d 246, 251 (S.D.N.Y. 2003). "'Conclusory statements that a defendant was properly served are insufficient to overcome a defendant's sworn affidavit that he was never served with process.'" Id. When a defendant raises a Rule 12(b)(5) challenge, plaintiff bears the burden of proving service of process was adequate. Id.

A. Service Under N.Y. C.P.L.R. § 311

Plaintiff argues, in its motion for default judgment, that it served SAI Trust properly under N.Y. C.P.L.R. § 311 by delivering the summons to Marc Membreno, Vice President of SAI Trust. Section 311(a) states personal service upon a corporation shall be made by delivering the summons upon any domestic or foreign corporation, to an officer, director, managing or general agent, or to any other agent authorized by appointment or by law to receive service.

The complaint incorrectly states SAI Trust is a California corporation or other business entity. SAI Trust is a trust established under California law. This is evidenced by the caption, setting forth Robert Membreno as the trustee of SAI Trust, and the exhibits attached to the

complaint. The affidavit of Robert Membreno also confirms SAI Trust is a trust, not a corporation. See also In re Calpine Corp., 406 B.R. at 466 ("[C]laimant-appellant is Robert Membreno, as trustee of the SAI Trust.").

Service of the summons and complaint upon any qualified trustee shall be sufficient service upon a trust. Citibank, N.A. v. Kollen, 618 N.Y.S.2d 993, 994 (Sup. Ct. 1994). "[A] trustee, although acting in a representative capacity, may be properly served pursuant to the respective method provided for in the CPLR, depending on who or what holds the position of trustee." Id. at 995. Since SAI Trust is not a corporation and Robert Membreno, the sole trustee, is not a corporation, any service under C.P.L.R. § 311 was improper.

B. Substitute Service Under N.Y. C.P.L.R. § 308

In plaintiff's response papers, it argues service upon SAI Trust was effectuated in accordance with C.P.L.R. §§ 308(2), 313. "Since service upon a natural person under CPLR 308 refers to the service of process on an individual, if an individual holds the position of trustee, the trustee may be served pursuant to CPLR § 308." Citibank, N.A. v. Kollen, 618 N.Y.S.2d at 995. C.P.L.R. § 308(2) states personal service upon a natural person shall be made by delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place, or usual place of abode of the person to be served and by either mailing the summons to the person to be served at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business in an envelope bearing the legend "personal and confidential."

Defendants contend substitute service upon a trustee only applies to substitute service made "within the state" of New York. Defendants cite no support for this, and while C.P.L.R. § 308(2) applies to service of summons "within the state," N.Y. C.P.L.R. § 313 states service of a

summons without the state may be made in the same manner as service is made within the state. Therefore, the Court finds no merit to the argument that substitute service under C.P.L.R. § 308(2) cannot be made upon Marc Membreno because he resides in California, not New York.

Strict adherence to the provisions of C.P.L.R. § 308 is required. "Service of process is carefully prescribed by the Legislature, which affords litigants ample methods for serving natural persons. Regularity of process, certainty and reliability for all litigants and for the courts are highly desirable objectives to avoid generating collateral disputes. These objectives are served by adherence to the statute and disserved by judicially engrafted exceptions to CPLR 308." Dorfman v. Leidner, 76 N.Y.2d 956, 958 (1990) (citations omitted).

Here, the first requirement for service under C.P.L.R. § 308(2) has been established. Substitute service on an individual must be made by delivering the summons to a person of suitable age and discretion at the actual place of business, dwelling place, or usual place of abode of the person to be served. Defendants assert Robert Membreno resides and has his place of business in Nicaragua. However, defendants never provide an address for Robert's residence or place of business in Nicaragua. Therefore, the Court cannot conclude his "actual place of business, dwelling place, or usual place of abode" as trustee is in Nicaragua.

Plaintiff asserts SAI Trust's place of business is 2072 B Walsh Ave., Santa Clara, CA 95050. Other than the conclusory assertion that Robert Membreno resides and works in Nicaragua, defendants do not rebut this. Further, defendants never contradict plaintiff's assertion that Marc Membreno is the vice president of SAI Trust. Marc Membreno avers his place of business is 2072 B Walsh Ave., Santa Clara, CA 95050. Therefore, the Court concludes the trustee's actual place of business is the same as SAI Trust's, and its vice president's, place of business: 2072 B Walsh Ave., Santa Clara, CA 95050. See Sartor v. Utica Taxi Ctr., Inc., 260 F.

Supp. 2d 670, 677-78 (S.D.N.Y. 2003) (finding service under C.P.L.R. § 308(2) on a taxi owner by leaving a copy of the summons and complaint with a dispatcher at the garage where the owner's taxi was registered was proper, despite the owner's contentions that the garage was not his actual place of business and the dispatcher was not authorized to receive legal process on his behalf).

"An affidavit of service constitutes prima facie evidence of effective service." Polygram Merch., Inc. v. N.Y. Wholesale Co., 2000 WL 23287, at *2 (S.D.N.Y. Jan. 13, 2000). The proof of service establishes service was made on Mark Membreno, on behalf of SAI Trust, at 2072 B Walsh Avenue, Santa Clara, CA 95050, on September 16, 2011. Therefore, service upon Marc Membreno constituted delivery of the summons to a person of suitable age and discretion at the actual place of business of Robert Membreno. See MLG Capital Assets, LLC v. Judith Eidelkind Trust, 725 N.Y.S.2d 664, 666 (2d Dep't 2001) ("[S]ervice upon the Trust by virtue of service upon Walter Eidelkind, as the Trust's accountant and the father of one of the trustees, was proper substitute service pursuant to CPLR 308(2).").

C.P.L.R. § 308(2) also requires plaintiff to mail the summons to the person to be served at his or her last known residence or mail the summons by first class mail to the person to be served at his or her actual place of business. Again, plaintiff's affidavit of service constitutes prima facie evidence of effective service. Polygram Merch., Inc. v. N.Y. Wholesale Co., 2000 WL 23287, at *2. Attached to the proof of service in plaintiff's motion for default judgment is a copy of an envelope, addressed to Robert Membreno c/o SAI Trust, 2072 B Walsh Ave., Santa Clara, CA 95050. This address, as the Court previously found, is, for purposes of defendants' motion to dismiss, the actual place of business of Robert Membreno, as trustee of SAI Trust.

The Court finds the summons and complaint were properly mailed by first class mail to

the person to be served at his actual place of business as required by C.P.L.R. § 308(2). Therefore, the Court denies defendants' Rule 12(b)(5) motion to dismiss the complaint for insufficient service of process.

II. Arbitration Agreement

Defendants argue plaintiff filed suit against SAI Trust in 2010, in New York City Civil Court, seeking recovery of legal fees for the same legal work for which plaintiff seeks recovery in the instant action. Defendants claim the parties settled the state action on April 4, 2011, and agreed to submit plaintiff's claims to arbitration. Defendants attach a copy of a stipulation of settlement, which appears to have been entered in New York City Civil Court, for Queens County, on April 5, 2011. The stipulation states the parties "agree to arbitrate pursuant to Part 137 of the Rules of the Chief Administrator." The stipulation is signed on behalf of plaintiff and SAI Trust. Defendants argue this written agreement to arbitrate is enforceable, and therefore the present action must be dismissed or stayed, under the FAA, 9 U.S.C. § 3, and N.Y. C.P.L.R. § 7501.

"Under the [FAA], a district court must stay proceedings if satisfied that the parties have agreed in writing to arbitrate an issue or issues underlying the district court proceeding." McMahan Sec. Co. L.P. v. Forum Capital Mkts. L.P., 35 F.3d 82, 85 (2d Cir. 1994). The FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." Jung v. Skadden, Arps, Slate, Meagher & Flom, LLP, 434 F. Supp. 2d 211, 214-15 (S.D.N.Y. 2006). There is a strong presumption in favor of arbitration. Thyssen, Inc. v. Calypso Shipping Corp., S.A., 310 F.3d 102, 104 (2d Cir. 2002). In evaluating a motion under the FAA, any doubts concerning the scope of arbitrable issues should be resolved in favor

of arbitration. Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24-25 (1983). Courts may properly consider documents outside the pleadings when faced with a motion to compel arbitration. BS Sun Shipping Monrovia v. Citgo Petroleum Corp., 2006 WL 2265041, at *3 n.6 (S.D.N.Y. Aug. 8, 2006).

Here, the complaint does not mention and does not attach any documents regarding the state court action and specifically does not mention or attach the stipulation of settlement between plaintiff and SAI Trust. In its motion papers, however, plaintiff admits it previously brought suit in state court and admits it previously agreed to arbitrate its fee arrangement claim with SAI Trust. Plaintiff argues this agreement to arbitrate was an accord made to defendants allowing them to pay plaintiff's fee on an hourly basis. Plaintiff further argues defendants breached the accord.

The Court takes judicial notice of plaintiff's previously-filed state court action against SAI Trust. According to the New York State Unified Court System's ("NYSUCS") eCourts free case information system, the case of Caruso Glynn, LLC v. SAI Trust, CV-076386-10/QU, was filed on June 23, 2010, and was presided over by the Hon. Rudolph E. Greco, Jr. NYSUCS confirms this case was settled. Given plaintiff's acknowledgement of the agreement to arbitrate arising from the state action, the Court also considers the stipulation of settlement containing the arbitration agreement, which was entered in the state action on April 5, 2011.

Plaintiff argues the stipulation and arbitration agreement is part of an accord that was breached by defendants because defendants refused to submit to arbitration. Plaintiff, however, makes no claim that it ever attempted to initiate arbitration in accordance with the April 5 stipulation of settlement. Assuming for the sake of argument defendants have not carried out their part of the bargain, and refused to arbitrate plaintiff's claims in accordance with the

stipulation of settlement, so that plaintiff has a right of action for breach of the executory accord, that right of action is defined by N.Y. Gen. Oblig. Law § 15-501 (defining an executory accord as an agreement embodying an express or implied promise to accept at some future time a stipulated performance in satisfaction or discharge in whole or in part of any present claim or cause of action).

N.Y. Gen. Oblig. Law § 15-501(3) states that if "an executory accord is not performed according to its terms by one party, the other party shall be entitled either to assert his rights under the claim, cause of action, contract, obligation, lease, mortgage or other security interest which is the subject of the accord, or to assert his right under the accord." Thus, the General Obligations Law provides for an election of remedies. See Dalessandro v. Monk, 1988 WL 42136, at *5 (S.D.N.Y. Apr. 19, 1988). Plaintiff would be entitled to sue defendants either on the underlying claim supposedly discharged by the accord, or for the performance promised under the accord. Neither of these remedies are sought by plaintiff before this Court, however.

Plaintiff admits the state action was an attempt to collect on the purported fee arrangement, calculated on an hourly basis, for plaintiff's representation of SAI Trust in Calpine's underlying bankruptcy action. This is the same legal work for which plaintiff seeks recovery in the instant action. The performance promised by the accord, i.e., the stipulation of settlement, was arbitration of plaintiff's claims in that state action. Here, plaintiff is not suing on the underlying claim that was supposed to be discharged by the accord – recovery of attorney's fees from SAI Trust calculated on an hourly basis – and plaintiff is not seeking performance of the accord, i.e., enforcement the arbitration agreement. The instant action represents plaintiff's attempt to sue for a third remedy, recovery of attorney's fees from SAI Trust calculated on a contingency basis, which is not contemplated by N.Y. Gen. Oblig. Law § 15-501(3). Therefore,

the Court rejects plaintiff's argument based on defendants' purported breach of the stipulation and arbitration agreement arising from plaintiff's state action.

N.Y. Comp. Codes R. & Regs. tit. 22, § 137 "establishes the New York State Fee Dispute Resolution Program, which provides for the informal and expeditious resolution of fee disputes between attorneys and clients through arbitration and mediation." The April 5 stipulation of settlement states the parties agreed to arbitrate pursuant to this provision. The stipulation of settlement is signed on behalf of both SAI Trust and plaintiff. Plaintiff has not provided any rationale as to why this agreement is not binding or why plaintiff is entitled to sue in federal court to recover legal fees for the same legal work that formed the basis for plaintiff's state legal fee action.

Therefore, the Court grants defendants' motion to stay this action pursuant to 9 U.S.C. § 3. The parties are directed to proceed to arbitration according to the terms of arbitration agreement contained in the April 5, 2011, stipulation of settlement. Accordingly, the Court denies plaintiff's motion for default judgment and declines to consider defendants' motion to dismiss the complaint for failure to state a claim pursuant to Rule 12(b)(6).

**CONCLUSION**

For the foregoing reasons, defendants' motion to stay this action pursuant to Section 3 of the Federal Arbitration Act is GRANTED and plaintiff's motion for default judgment is DENIED.

The Clerk is instructed to terminate this motion. (Doc. #8). The parties are instructed to submit a letter to the Court regarding the status of arbitration by September 7, 2012.

Dated: July 9, 2012
White Plains, NY

SO ORDERED:

Vincent L. Briccetti
United States District Judge