# HILL RIVKINS LLP

45 Broadway, Suite 1500, New York, NY 10006-3793
Tel: 212 669-0600   Fax: 212 669-0698/0699
e-mail: thefirm@hillrivkins.com
Website: www.hillrivkins.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:

NOV 07 2012
CHAMBERS
VINCENT L. BRICCETTI
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF NY

November 6, 2012

Clerk is instructed to docket this letter
So Ordered
VB   USDJ
12/3/12

**By Fax 914-390-4170 (4 pages)**
Hon. Vincent L. Briccetti
United States District Court-S.D.N.Y.
United States Courthouse
300 Quarropas Street, Room 630
White Plains, New York 10606

Re:  Caruso Glynn LLC v. SAI Trust & Robert Membreno
     Docket No. 7:11-cv-4360
     Our ref. 30937-JJS

Docket in case # _____ CV/CR _____
As: Letter
Date: 12/4/12

Dear Honorable Sir:

    This office represents defendants, SAI Trust and Robert Membreno in the above-captioned matter. Pursuant to the Court's July 9, 2012, Order, the parties proceeded to arbitration in accordance with Part 137 of the New York Court Rules and Regulations. A panel was duly constituted and a hearing was held on October 22, 2012, at which all parties appeared and testified.

    We take this opportunity to advise that the panel issued an award in favor of the defendants in this matter, a copy of which is now attached for the Court's reference. The panel addressed both the issues of the claimed contingency fee asserted in the complaint in this action and the claim for hourly fees asserted in the previously filed state court action. The panel concluded that the plaintiff is not entitled to a contingency fee and that the defendants had overpaid the hourly fees the plaintiff could properly have claimed by the sum of $2,334.00. A stenographic record of the hearing was also made by a certified court reporter, although we have not yet received a copy of the transcript. Should the Court request, however, we will gladly forward a copy of the transcript upon arrival.

    We have not yet heard from the plaintiff since the hearing or issuance of the award (our communications have been interrupted somewhat by Hurricane Sandy), so we do not know whether he has any intention of challenging the award. Nevertheless, we respectfully submit that any further arguments that the plaintiff might make would be patently lacking in merit.

NEW JERSEY
102 South Broadway
South Amboy, NJ 08879-1708
Tel: 732 838-0300  Fax: 732 316-2365
e-mail: thefirm@hillrivkins.com

TEXAS
55 Waugh Drive, Suite 1200
Houston, Texas 77007
Tel: 713 222-1515  Fax: 713 222-1359
e-mail: thefirm@hillrivkins.com

CALIFORNIA
Hill Rivkins/Brown & Associates
11140 Fair Oaks Boulevard, Suite 100
Fair Oaks, CA 95628-5126
Tel: 916 535-0263  Fax: 916 535-0268
e-mail: thefirm@brnlaw.com

Hon. Vincent L. Briccetti
November 6, 2012
-Page 2-

    We remain available to respond to any inquiries the Court may have. We thank the Court for its attention to the foregoing.

                Respectfully yours,

                HILL RIVKINS LLP

                John J. Sullivan

30937\006-Judge Briccetti

Cc:    Lawrence C. Glynn (Via Telefax: 718-747-6167/e-mail: lglynn@carusoglynn.com)
       Caruso Glynn LLC



UCS 137-9 (1/09)

**In the Matter of Fee Dispute Arbitration between**

Robert Membreno Trustee of the SAI T
, Client

and

Caruso Glynn, LLC, Esq.

, Attorney

(Office Use Only)

Case #: 247

## NOTICE OF ARBITRATION AWARD

Attached is the determination of the arbitrator(s) who heard the fee dispute between the above parties. This determination is final and binding on the parties, except that a party dissatisfied with this award may seek one of the following post award options within the time frames indicated:

1. **Trial *de novo*** : Either party may reject the decision of the arbitrator(s) and commence an action on the merits of the fee dispute in a court of competant jurisdiction within 30 days after the arbitration award has been mailed;

   NOTE: Trial de novo is not available to parties who have previously waived this right. See 22 NYCRR 137.2(c), 137.8(b) and Standards and Guidelines Section 6(B)(2) and Section 12(C).

   OR

2. **Vacatur** : Either party may seek to vacate the award within 90 days after delivery to the party. This post award option is governed by CPLR Article 75.

For more information on these options, please see www.nycourts.gov/faqs or contact your local program or an attorney. Please note the local program may not give legal advice.

Dated: Thursday, October 25, 2012

Lauren Quondamatteo
Administrative Aide
Eleventh Judicial District Administrative Judge's Office
Eleventh Judicial District Administrative Office
88-11 Sutphin Boulevard, Room 511
Jamaica, NY 11435

UCS 137-12 (10/03)

**In the Matter of Fee Dispute Arbitration between**

(Office Use Only)

Case #: 247

Robert Membreno Trustee of the SAI TRUST
, Client

and

Caruso Glynn, LLC, Esq.

, Attorney

**ARBITRATION AWARD**

1. The AMOUNT IN DISPUTE is: $ 16,561.84

2. The TOTAL of the AMOUNT IN DISPUTE to which the attorney is entitled is (including all costs and disbursements and amounts previously paid by the client): $ 0.00

3. The AMOUNT of this total PREVIOSULY PAID paid by the client is: $ 33,075.16

4. (a) The BALANCE DUE by the client to the attorney is: $ 0.00

    -OR-

    (b) The AMOUNT TO BE REFUNDED by the attorney is: $ 2,334.00

Statement of reasons: The credible evidence did not establish that the attorney, Caruso Glynn is entitled to a contingency fee in any manner. The credible evidence established that the client, Robert Membreno Trustee of the SAI T, made payments for legal services rendered totaling $33,075.16 In addition, the credible evidence established that the client overpaid for legal services rendered by the sum of $2,334.00. Thus, an award to the client in the amount of $2,334.00.

**AFFIRMATION**

The undersigned arbitrator(s), having been duly appointed pursuant to the Rules of the Eleventh Judicial District Administrative Judge's Office and pursuant to any applicable Rule of the Chief Administrator, Title 22, of the Official Compilation of Codes, Rules and Regulations, or the agreement of the parties to the dispute resolved by this award, and having duly taken the oath according to the law and having duly heard the proofs and allegations of the parties hereto, hereby affirm(s), pursuant to CPLR 7507, under the penalties of perjury, that the above award is a true, correct and complete statement of the award rendered in the above-captioned arbitration, duly executed by the undersigned.

Vincent Nicolosi, Esq.     David H. Rosen, Esq.     Suzanne Chemtob

Dated: Oct 22, 2012     [Mail copy to each party]