From: Lawrence C. Glynn
Sent: Tuesday,
To: John A. V. Nicoletti
Subject: My Resignation

John,

I've tried, but I can no longer work here with xxREDACTEDxx My intense anger over this situation has made it very difficult for me to even set foot in this office. Also, I realize that in light of the false accusations leveled against me, the firm is in jeopardy and may have no other choice but to terminate me, as baseless as said accusations may be. Therefore, I think that it would be in everyone's best interest if I were no longer employed here.

In addition, there have been some unforseen events in my personal life which dictate that staying at home to take care of my children would be the best choice for me and my family. To help me to be able to earn some sort of a living while making this difficult transition, I will need to continue to work on the 3 meager cases which I've brought in on my own, yet would barely pay for lunch, and those are the only cases I request that you unconditionally release to me. As for the remaining 100 or so cases currently on my docket, some of which are in suit and the remainder in need of suit time extensions, which, parenthetically I have been in charge of for more than two years without any additional compensation whatsoever, I think it should be left up to your clients as to whom they wish to continue to work on these matters. Of course, I will respect your decision if it is to not allow me to work on these matters once I am on my own, for I offer my services only with the best interest of your clients and this firm in mind. After that, I may hang a shingle on my door at some point and hope for the best a la Mike Larson, or I may consider taking over my father's small practice in White Plains. Otherwise, I will likely go back to driving a bus and working on a fishing boat. Perhaps bartending downtown to make ends meet.

I thank you very much for the wonderful 9 years you have afforded me. I have truly loved working for you. You have taught me so much. And even though we've had some differences over the years, I've always known where I stand with you and you have always been fair with me. However, in light of these unpredictable recent events, it is with great regret that I must now resign.

Please allow me a reasonable transition period to get my things in order and to clear out my office. I think that one week would suffice. Of course, I will need your confirmation that I may take with me my 3 measly cases without any conditions other than to reimburse

the firm for any out of pocket expenses. I will also require that the firm allow me to continue to pay my 401k loan over the current period of the loan. These are the only humble requests I make.

Please know that this has nothing to do with you or the partnership. This is all about the false accusations against me and the personal changes in my life which need not be discussed further. I trust you can appreciate my unfortunate position.

Sincerely and gratefully,

Lawrence C. Glynn
Very truly yours,

NICOLETTI HORNIG & SWEENEY

By:     Lawrence C. Glynn

Wall Street Plaza
88 Pine Street
New York, New York 10005-1801
Phone:      (212) 220-3830
Facsimile:  (212) 220-3780
www.nicolettihornig.com

From: Lawrence C. Glynn
Sent: Tuesday, November 18, 2008 12:41 PM
To: John A. V. Nicoletti
Subject: My Resignation

John,

I've tried, but I can no longer work here with Jana Sperry. My intense anger over this situation has made it very difficult for me to even set foot in this office. Also, I realize that in light of the false accusations leveled against me, the firm is in jeopardy and may have no other choice but to terminate me, as baseless as said accusations may be. Therefore, I think that it would be in everyone's best interest if I were no longer employed here.

In addition, there have been some unforseen events in my personal life which dictate that staying at home to take care of my children would be the best choice for me and my family. To help me to be able to earn some sort of a living while making this difficult transition, I will need to continue to work on the 3 meager cases which I've brought in on my own, yet would barely pay for lunch, and those are the only cases I request that you unconditionally release to me. As for the remaining 100 or so cases currently on my docket, some of which are in suit and the remainder in need of suit time extensions, which, parenthetically I have been in charge of for more than two years without any additional compensation whatsoever, I think it should be left up to your clients as to whom they wish to continue to work on these matters. Of course, I will respect your decision if it is to not allow me to work on these cases once I am on my own, for I offer my services only with the best interest of your clients and this firm in mind. After that, I may hang a shingle on my door at some point and hope for the best a la Mike Larson, or I may consider taking over my father's small practice in White Plains. Otherwise, I will likely go back to driving a bus and working on a fishing boat. Perhaps bartending downtown to make ends meet.

I thank you very much for the wonderful 9 years you have afforded me. I have truly loved working for you. You have taught me so much. And even though we've had some differences over the years, I've always known where I stand with you and you have always been fair with me. However, in light of these unpredictable recent events, it is with great regret that I must now resign.

Please allow me a reasonable transition period to get my things in order and to clear out my office. I think that one week would suffice. Of course, I will need your confirmation that I may take with me my 3 measly cases without any conditions other than to reimburse

the firm for any out of pocket expenses. I will also require that the firm allow me to continue to pay my 401k loan over the current period of the loan. These are the only humble requests I make.

Please know that this has nothing to do with you or the partnership. This is all about the false accusations against me and the personal changes in my life which need not be discussed further. I trust you can appreciate my unfortunate position.

Sincerely and gratefully,

Lawrence C. Glynn
Very truly yours,

NICOLETTI HORNIG & SWEENEY

By:    Lawrence C. Glynn

Wall Street Plaza
88 Pine Street
New York, New York 10005-1801
Phone:       (212) 220-3830
Facsimile:   (212) 220-3780
www.nicolettihornig.com

**From:** John A. V. Nicoletti
**Sent:** Wednesday, November 19, 2008 10:53 AM
**To:** Lawrence C. Glynn; Kim Kelly
**Cc:** Kevin I. Brown; Larry Munck; Barbara A. Sheehan; David R. Hornig; James F. Sweeney; Michael J. Carcich; Nooshin Namazi; Samuel C. Coluzzi
**Subject:** RE: LCG's Supplemental Compensation Package

With regard to matters which Mr. Glynn brings into the office with our consent — excluding our institutional clients, he will be entitled to 20% of the income earned and paid for his services rendered — post January 1, 2008 — on those matters.

I ask Larry Munck or Kevin Brown to place a copy of this email in the accounting files and in Mr. Glynn's personnel file.

Very truly yours,

Nicoletti Hornig & Sweeney

By: *John A.V. Nicoletti*

Managing Partner

**Nicoletti Hornig & Sweeney**

**Wall Street Plaza**

11/2/2009