

# HILL RIVKINS LLP

45 Broadway, Suite 1500, New York, NY 10006-3793
Tel: 212 669-0600   Fax: 212 669-0698/0699
e-mail: thefirm@hillrivkins.com
Website: www.hillrivkins.com

**RECEIVED**
MAR 22 2013
CHAMBERS OF
VINCENT L. BRICCETTI
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF NEW YORK

March 22, 2013

<u>Via Telefax: 914-390-4170</u>

The Honorable Vincent L. Briccetti
United States District Court Judge
United States District Court
Southern District of New York
300 Quarropas Street, Room 630
White Plains, New York 10606

*Clerk instructed to docket this letter VLB w/ns 3/28/13*

**USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/29/13**

Re:   Caruso Glynn LLC v. SAI Trust & Robert Membreño
       Docket No. 7:11-cv-4360
       <u>Our ref. 30937-JJS</u>

Honorable Sir:

On behalf of the defendants we write in response to the Court's Order of March 21, 2013, and in reply to the two letters of plaintiff's counsel dated the same date.

We acknowledge receipt of the telefax sent to the Court by Mr. Lawrence Munck requesting withdrawal of his Declaration submitted with plaintiff's papers in opposition to defendants' motion for summary judgment. Mr. Munck's Declaration lacks any real credibility as it conflicts both with the moving declaration of John A.V. Nicoletti, managing partner of Nicoletti Hornig & Sweeney, and with the plaintiff's own e-mail of October 8, 2009, wherein he further advised the defendants that he was "winding down my employment" with that firm (Defendants' Moving Exhibit C). Furthermore, we attach an affidavit Mr. Glynn submitted in one of the cases he listed on Exhibit P of his moving affidavit. In the affidavit, dated April 27, 2009, and filed via ECF in case number 1:08-5213(AJP) [Docket Entry 23], Mr. Glynn stated that he was "associated with the law firm of Nicoletti Hornig & Sweeney", clearly reflecting his status as an associate, not of counsel, to the Nicoletti firm. Consequently, we respectfully submit that the Court should grant Mr. Munck's request to withdraw his clearly inaccurate Declaration.

The final paragraph of the plaintiff's March 21 telefax addressing Mr. Munck's declaration suggests some involvement by this office in his request. For the sake of good order, the undersigned can confirm that no one employed by or in any way connected

NEW JERSEY
102 South Broadway
South Amboy, NJ 08879-1708
Tel: 732 838-0300  Fax: 732 316-2365
e-mail: thefirm@hillrivkins.com

TEXAS
55 Waugh Drive, Suite 1200
Houston, Texas 77007
Tel: 713 222-1515  Fax: 713 222-1359
e-mail: thefirm@hillrivkins.com

CALIFORNIA
Hill Rivkins/Brown & Associates
11140 Fair Oaks Boulevard, Suite 100
Fair Oaks, CA 95628-5126
Tel: 916 535-0263  Fax: 916 535-0268
e-mail: thefirm@brnlaw.com

The Honorable Vincent L. Briccetti
United States District Court Judge
March 22, 2013
Page Two

with this firm has had any contact with Mr. Munck whatsoever. Upon downloading of the plaintiff's opposition papers, we forwarded a copy of the declaration to Mr. Nicoletti, as it appears to contradict his sworn statement. We understand that Mr. Nicoletti or someone from his firm may have reached out to Mr. Munck, but we were not privy to the substance of such communication.

With regard to plaintiff's request for additional pages and/or a sur-reply, the defendants strenuously object. The parties have already engaged in two rounds of submissions and briefs on a case that has no merit whatsoever. The plaintiff's request to expand the third round of briefing and/or add a fourth round of submissions can only be viewed as an attempt by the plaintiff to force the defendants to incur even more significant legal fees in defending an action that never should have been commenced in the first place. To that end we respectfully request that the Court deny any application by the plaintiff for additional pages or submission of any sur-reply papers.

We thank the Court for its kind attention to the foregoing.

Respectfully yours,

HILL RIVKINS LLP

John J. Sullivan

JJS:mgw
Enclosure
30937\011-Judge Briccetti

Cc:      Via E-mail: lglynn@carusoglynn.com
w/enc.   Lawrence C. Glynn, Esq.
         Caruso Glynn, LLC
         53-04 193rd Street
         Fresh Meadows, New York 11365

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
NEW HAMPSHIRE INSURANCE COMPANY,
a/s/o ST. PAUL YACHT CLUB

Case No.: 08 Civ. 5213 (AJP)

Plaintiff,

**AFFIDAVIT OF**
**LAWRENCE C. GLYNN**

- against -

TOTAL TOOL SUPPLY, INC.,

Defendants.
----------------------------------------------------------------x

STATE OF NEW YORK ) 
                  ) ss.:
COUNTY OF NEW YORK )

Lawrence C. Glynn, an attorney admitted to the Bar of the State of New York and this Court, being duly sworn, deposes and says:

1. I am associated with the law firm of Nicoletti Hornig & Sweeney, attorneys for plaintiff New Hampshire Insurance Company (hereafter "NHIC" or "Plaintiff") and am fully familiar with the facts and circumstances of this case through my review of the file maintained in connection with this action.

2. This affidavit is submitted in support of Plaintiff's motions for leave to amend the complaint to assert additional claims.

3. NHIC was and is an insurance company duly organized under and existing by virtue of the laws of a state of the United States with an office and place of business at 175 Water Street, 20th Floor, New York, New York 10038.

3

4.   Plaintiff now seeks to assert an additional cause of action for negligent misrepresentation and consumer fraud in violation of the Minnesota Consumer Fraud Act, as authorized by the Minnesota Attorney General Statue, based upon defendants' non disclosure of material facts, *to wit*, the fraud, false pretense, false promise, misrepresentation, misleading statements and/or deceptive practices employed and intended to be relied upon in the sale and subsequent inspections of the TLine™, BLS1910, S/N 600798, 30 feet x 32,000 pound capacity nylon web sling (hereafter "the sling") to the Plaintiff's subrogor, St. Paul Yacht Club ("SPYC"). Annexed hereto as Exhibit "A" is a copy of the proposed amended complaint.

5.   The subject representations relied upon by SPYC were, specifically, that the sling would have a "long life" with "excellent resistance to abrasion, cuts and tears." Annexed hereto as Exhibit "B" is an excerpt of Total Tool's product catalogue from September, 2007.[1]

6.   In addition, SPYC relied upon the approximately nine post-sale examinations[2] by the defendant who failed to note any deficiencies or advise SPYC that the sling at issue was in imminent danger of failing.

7.   Importantly, it has only recently been learned at a deposition of SPYC's former operations manager, Pat Michaud, that the sling at issue had been inspected by defendant just days prior to the loss at issue and that Total Tool failed to make any mention that the sling's condition represented an imminent danger.

---

[1] Despite its obligations under Fed. R. Civ. P. 26(a)(1) and to properly respond to plaintiff's First and Second Requests for Production of Documents, only the 2007 catalogue has been provided by Total Tool. Accordingly, plaintiff respectfully requests the negative inference that such similar misleading statements existed on Total Tool's prior catalogues and promotional materials.

[2] The sling was purchased from Total Tool in 2002.

4

8. It has also recently been learned that the "inspection" services which Total Tool offered were illusory in that there was no actual inspection conducted on the sling and the person conducting said "inspection" was merely a sales representative with absolutely no qualifications to conduct inspections on a product of this nature. It has also been only recently learned that there was no one employed by Total Tool at the time of this "inspection" who was remotely qualified to properly inspect and assess the true condition of the sling at issue. SPYC relied, to its detriment, on the false belief that Total Tool actually employed qualified personnel to conduct the inspection services it offered.

9. Total Tool is further implicated in having violated the Minnesota Consumer Fraud Act by its failure to warn SPYC of a known risk to the sling at issue caused by exposure to sunlight causing ultra violet (UV) degradation, despite having known of this danger for at least three years prior to the loss at issue. At no time during any of the "inspections" conducted by Total Tool between 2003 and 2006 did it bother to warn SPYC of this known danger.

10. At deposition, Pat Michaud, testified that in 2006, the sling was brought to Total Tool on May 8, 2006 for inspection and certification (at the beginning of the season, just prior to the launch of boats into the water). Mr. Michaud testified further that in June 2006, Total Tool conducted a top to bottom inspection of the crane, including the subject sling, used by SPYC for hauling and launching boats. Mr. Michaud then testified that only days prior to the loss at issue, SPYC again brought the sling to Total Tool for inspection prior to the commencement of the hauling of the boats at the end of the summer season. The sling was returned to SPYC by Total Tool without comment which, according to Mr. Michaud, indicated that there was no problem with the sling.

Further, at no time did Total Tool ever warn of the dangers of UV degradation or exposure to sunlight.

11. Many of the facts necessary to support this proposed amendment to the pleadings have only recently been learned at the depositions conducted of five witnesses in Minnesota.

12. These depositions have been postponed for months as a result of defendant's repeated failure to participate in discovery.

13. Had Total Tool's counsel been cooperative with plaintiff's efforts to conduct discovery, this amendment would have been sought months ago. Further, while plaintiff suspected that Total Tool's actions may possibly have arisen to such a level as to qualify as a violation(s) of Minnesota's Consumer Fraud Act, plaintiff was nevertheless wary of Fed. R. Civ. P. 11 and reluctant to assert such a claim without conducting thorough discovery to support such allegations.

14. As a result of the overwhelming testimony taken in Minnesota last week, plaintiff believes strongly that numerous violations of the Minnesota Consumer Fraud Act have been committed by Total Tool, and that an amendment of plaintiff's complaint is warranted.

15. In light of the foregoing, NHIC seeks to assert a cause of action authorized by the Minnesota Attorney General Statute resulting from Total Tool's violation of the Minnesota Consumer Fraud Act, following the sale of the product to the St. Paul Yacht Club.

_____
Lawrence C. Glynn

Sworn to before me
this ___ day of April, 2009

_____
NOTARY PUBLIC
MARY ANN RAAHUP
Notary Public, State of New York
No. 01RA4874089
Qualified in Suffolk County
Certificate filed in New York County
Commission Expires Oct. 29, 2010

6