UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



------------------------------------------------------------x

CARUSO GLYNN, LLC,
                  Plaintiff,

v.

SAI TRUST and ROBERT MEMBRENO,
Individually and as Trustee for SAI TRUST,
                Defendants.

------------------------------------------------------------x

**ORDER**

11 CV 4360 (VB)

On March 21, 2013, the Court received a letter dated March 20, 2013, from Lawrence

Munck, seeking to withdraw his "entire declaration" submitted in opposition to defendants'

motion for summary judgment.  (Doc. #51).

Following this Court's Order on March 21, 2013 (Doc. #57), plaintiff informed the Court,

via letter dated the same day, that it is "amenable . . . to the Court allowing Mr. Munck to

withdraw his declaration."  By letter dated March 22, 2013, defendants informed the Court that

they too supported Mr. Munck's request to withdraw his declaration.  Plaintiff then responded to

defendants' letter by asking the Court to strike only paragraphs 2-5 of Munck's declaration,

which pertain to Lawrence Caruso Glynn's employment status at Nicolleti Hornig & Sweeney

("NHS") from 2008 to 2010, but not paragraphs 6-11 of Munck's declaration, which pertain to

SAI Trust's practice of paying legal bills, because the parties did not dispute the accuracy of

those paragraphs.  Plaintiff further requested leave to supplement its papers to address the

"limited point" of Glynn's employment status at NHS from 2008 to 2010.

The Court finds no basis for parsing Mr. Munck's declaration, which he states is

inaccurate and which he wishes to withdraw in its entirety.  Accordingly, the Court will not

consider the declaration as part of the record being reviewed on the pending cross-motions for

summary judgment.

1

Based on defendants' papers in support of their motion for summary judgment, Glynn's employment status is relevant to determine whether defendants are entitled to a refund for hourly fees billed by Caruso Glynn, LLC while Mr. Glynn was employed at NHS, and for which defendants were billed by NHS. (Doc. #36 at 17-19). Plaintiff disputes those paragraphs of defendants' 56.1 statement by citing Munck's declaration (Doc. #52 at ¶¶ 84-87, 95, 100), and plaintiff's opposition includes a section entitled, in part, "[d]efendants' claim for a refund is without merit." (Doc. #53 at 21). But plaintiff does not otherwise mention the refund issue in that section or elsewhere in its papers, and plaintiff does not explain the significance of the related facts it disputes. Because plaintiff did not believe Glynn's employment status at NHS worthy of comment in its opposition, the Court does not need additional evidence or briefing on the subject.

Accordingly, the Court deems the motion fully submitted and will consider it in due course.

Dated: March 28, 2013
White Plains, New York

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge

2